38 N.J. Super. 412 (1955)
119 A.2d 185
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JEROME BRANDFON, DEFENDANT.
Superior Court of New Jersey, Hudson County Court, Criminal Division.
Decided December 16, 1955.
COOLAHAN.J.
This is a motion by defendant seeking credit for certain time spent in confinement prior to the imposition of sentence in the Hudson County Court. He is presently confined at the New Jersey State Prison Farm in Rahway, New Jersey. In order to understand more fully the relief sought by defendant it appears necessary to set forth chronologically the events which transpired prior to such sentence.
*413 On February 4, 1954 defendant was sentenced in Essex County for unlawful use of narcotics to a term of six months in the Essex County Penitentiary. Thereafter on April 21, 1954 he was sentenced in the Essex County Court for uttering a forged prescription for narcotics to a term of three to five years in State Prison, such latter sentence to run concurrently with the balance of the penitentiary term. On April 23, 1954 he was received in State Prison to commence serving his Essex County sentence.
The authorities in Hudson County had lodged a detainer for defendant with Essex County on February 11, 1954. On September 29, 1954 there was returned against the defendant by the Hudson County grand jury, Indictment No. 31, 1954 term, first session, charging a violation of the Uniform Narcotic Drug Law, R.S. 24:18-43, uttering a forged prescription for narcotics. As a result of this indictment defendant was brought to Hudson County on October 8, 1954, at which time he entered a plea of not guilty. He was again brought to Hudson County on November 19, 1954 in order to retract his former plea of not guilty and enter a plea of guilty to the charge. On November 24, 1954 the Hudson County Court imposed a sentence of five to five and one-half years upon defendant to run concurrently with the sentence imposed by the Essex County Court.
Defendant contends that by virtue of the provisions of R.R. 3:7-10(g) he should receive as credit upon his Hudson County sentence all of the time spent in custody from the date of the filing of the Hudson County detainer in Essex County, or, February 11, 1954. His contention is based upon his interpretation of R.R. 3:7-10(g) which rule reads as follows:
"(g) Confinement Pending Sentence or Appeal; Credit. In all custodial sentences the prisoner shall receive credit on the term imposed for any time he may have served in custody between his arrest and the imposition of sentence. * * *"
Defendant seeks as credit for time spent in custody those periods during which he was actually serving sentences imposed *414 by other courts. It is apparent, however, that such confinement was not the "time spent in custody," contemplated by the rule. In my opinion time spent in custody between arrest and imposition of sentence can only refer to such time in custody as resulted from the arrest in question. The record in this case clearly shows that all of the time spent in custody prior to the imposition of sentence in Hudson County was spent as the result of defendant's Essex County Penitentiary and Essex County Court sentences.
The motion is accordingly denied.