206 N.J. Super. 547 (1985)
503 A.2d 344
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES H. HALL, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 1, 1985.
Decided April 29, 1985.
Reargued November 26, 1985.
Decided December 17, 1985.
*549 Before Judges DREIER and SHEBELL.
Stuart Surick argued the cause for appellant.
Stephen P. Tasy, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General, attorney; Stephen P. Tasy, on the letter brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
This court formerly rendered its opinion on the within appeal by decision dated April 29, 1985. We held in that opinion that
The application of N.J.S.A. 2C:44-5b, to determine the permissible aggregate length of the terms to be served, is a function of the parole authorities.
The Parole Board refused to act and defendant moved to compel the Board to apply the statute to defendant's sentence and to compel his release. This court decided sua sponte to grant a rehearing on the issues presented as they are questions of first impression concerning the interpretation of N.J.S.A. 2C:44-5b(2).
The first issue raised is whether the sentencing judge or the parole board is to credit a defendant for time served pursuant to the statute. The statute provides:

*550 ... When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:
....
(2) Whether the court determines that the term shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served; ... [emphasis ours] [N.J.S.A. 2C:44-5b(2)]
The dilemma in applying the statute is that it is generally the responsibility of the sentencing judge to award credit for time served prior to sentencing, whereas it is the responsibility of the Parole Board to aggregate sentences imposed at different times. This particular provision in the statute is silent as to where the responsibility lies for allowing the credits in question.
We conclude that it is appropriate for the sentencing judge when imposing sentence to credit the defendant under N.J.S.A. 2C:44-5b(2) with custodial time served on the prior sentence. That the allowance of such credit may affect the permissible aggregate length of any term remaining to be served is in our opinion without consequence on this issue.
The second issue raised is whether, in order to be eligible for such credit, the second offense has to be committed prior to the imposition of the prior sentence or is credit to be also allowed for crimes committed after sentencing but before the beginning of service of the former sentence. The apparent policy behind this provision is to counteract any dilatory tactics of the prosecutor in pursuing a conviction for an earlier offense after a defendant has already been sentenced on another offense. We fail to see how such a policy would be served by allowing credit when the subsequent offense is committed by a defendant on bail pending appeal from an earlier sentence.
We think it is clear that the statutory language which requires that the offense be committed prior to the "former *551 sentence" envisions that it be committed prior to the imposition of such sentence and not that it merely be committed prior to the defendant's actual incarceration.
We remand to the trial judge for proceedings to determine the credit to be allowed defendant against his Camden County sentence for time served on his Middlesex County sentence, but not on his Monmouth County sentence.
We do not retain jurisdiction.