221 N.J. Super. 573 (1987)
535 A.2d 525
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN BENEDETTO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 30, 1987.
Decided December 17, 1987.
*574 Before Judges PETRELLA and BAIME.
Alfred A. Slocum, Public Defender, attorney for appellant (John M. Cannel, Assistant Deputy Public Defender, of counsel and on the letter brief).
*575 W. Cary Edwards, Attorney General, attorney for respondent (Jane F. Tong, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by BAIME, J.A.D.
Defendant entered a retraxit plea of guilty to an indictment returned by the Ocean County grand jury charging him with third degree burglary (N.J.S.A. 2C:18-2). The indictment and the resulting conviction emanated from an incident which occurred on May 28, 1984, wherein defendant burglarized a restaurant and stole items totaling $1,168.39 in value. Pursuant to the plea agreement, the trial judge imposed an indeterminate term to run concurrently with a sentence then being served, and granted the State's motion to dismiss a related charge. Defendant was not given credit against the sentence imposed on the basis that any period of incarceration was wholly unrelated to his arrest and conviction for the burglary.
Although ambiguously phrased, defendant's sole argument on appeal is that the trial judge committed plain error by failing to grant credit for time spent in jail on other wholly unrelated charges. It is not altogether clear whether defendant is referring to periods of incarceration served pursuant to sentences imposed previously or time spent in jail pending disposition of other charges. In either case, we find that defendant's argument lacks merit.
The issue is presented within the context of a sparse and sketchy record which is permeated with error. On September 28, 1985, defendant was sentenced on a Middlesex County indictment to a probationary term of five years upon the condition that he participate in an in-patient drug treatment program. Defendant was not released from jail, however, because he faced charges in other counties. On January 17, *576 1986, defendant was sentenced to an aggregate custodial term of five years on two Essex County indictments (Ind. No. 3296-9-85 and Ind. No. 3297-9-85), charging him with two third degree crimes. This aggregate sentence was comprised of a three-year and a two-year term, the two to run consecutively. On July 18, 1986, defendant was sentenced to an indeterminate term on the Ocean County indictment, as noted above. As we have mentioned, the trial judge directed that this sentence, which is the subject of the present appeal, run concurrently with the custodial term then being served. The saga was completed on October 17, 1986, when defendant was sentenced on another Essex County indictment (Ind. No. 245-1-86) to an indeterminate term.
Against this factual backdrop, defendant contends that he should be given credit for the time he spent in jail between September 28, 1985, the date of the Middlesex County sentencing, and July 18, 1986, the date of the Ocean County sentencing. We interpret defendant's argument as contending that he should be given credit for the period of incarceration while awaiting disposition of the Essex County charges (Ind. No. 3296-9-85 and Ind. No. 3297-9-85), and the period of imprisonment which was imposed on those charges, up to the date of the Ocean County sentencing. The statutory predicate to defendant's assertion is N.J.S.A. 2C:44-5b(2). That section provides in pertinent part:
When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody: Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served....
Defendant contends that N.J.S.A. 2C:44-5b(2) was designed to counteract dilatory prosecution after an offender has been sentenced on one offense. He asserts that the effect of this *577 section is to treat all sentences as if they had occurred at the time the first sentence was imposed. It is argued that only by giving full credit against all concurrent sentences that full concurrency can be achieved and the dates of the successive sentences can be made irrelevant.[1]
Before turning to the merits of the arguments advanced, we are compelled to digress and note that both the sentence under review and the sentences imposed on two of the three Essex County indictments (Ind. No. 3297-9-85 and Ind. No. 245-1-86) are illegal.[2] As noted previously, defendant received a two-year custodial term on Ind. No. 3297-9-85, which charged him with a third degree crime. Obviously, that sentence fell below the three to five year sentencing range provided by N.J.S.A. 2C:43-6a(3). So too, the indeterminate term imposed on the Ocean County indictment, which is the subject of this appeal, and that subsequently imposed in Essex County (Ind. No. 245-1-86), are illegal because defendant was sentenced previously to a state institution. In that respect, N.J.S.A. 2C:43-5 refers to N.J.S.A. 30:4-147, which provides that a defendant who has been sentenced to a state prison term cannot receive an indeterminate sentence. We are thus constrained to vacate the sentence imposed on the Ocean County indictment and those imposed on the Essex County indictments (Ind. No. 3297-9-85 and Ind. No. 245-1-86) and remand for resentencing.
*578 Because the trial judges will inevitably be compelled to confront the issue presented by this appeal, we add the following brief comments. We note that N.J.S.A. 2C:44-5b(2) has received somewhat uneven treatment in several of our decisions. Compare State v. Richardson, 208 N.J. Super. 399, 410, 413-415 (App.Div. 1986), certif. den. 105 N.J. 552 (1986) with State v. Hall, 206 N.J. Super. 547, 550 (App.Div. 1985); State v. Hugley, 198 N.J. Super. 152, 158 (App.Div. 1985). We also observe that our Supreme Court is presently reviewing the question. See McNamara v. Nickolopoulos, 108 N.J. 193 (1987) and Richardson v. Nickolopoulos, 108 N.J. 181 (1987). While defendant's argument is not without some support, Cannel, Title 2C, New Jersey Code of Criminal Justice (1987)[3], at 757, we find that his assertion is belied by the plain meaning of the statutory language. By its very terms, N.J.S.A. 2C:44-5b(2) states that a prior sentence must be credited against a later one "in determining the permissible aggregate length of the term or terms remaining to be served." (Emphasis added.) We have underscored this statutory phrase because it is critically important to resolution of the issue presented. The statute says no more than that the quantum of each sentence is to be aggregated and the time served in imprisonment on the previously imposed term is to be deducted from the total in finding the amount of time yet to be served. In no sense does N.J.S.A. 2C:44-5b(2) require that concurrent sentences imposed at different times be served coterminously.[4]
*579 We emphasize that the net effect of defendant's argument is to require that a concurrent sentence be accorded a retroactive effect and be considered as running from the date that the prior sentence was imposed. Prior to the advent of the Code of Criminal Justice, such "retroactive sentencing" was considered and universally rejected. See Compilation of Administrative Directives for New Jersey Judges (1981), at 127. See also Advisory Directive of Edwin Stern, Director of Criminal Practice, Feb. 28, 1977. We perceive no legislative design to change prior practices in that respect. We merely emphasize the strong public policy underlying the Code that "there can be no free crimes in a system for which the punishment shall fit the [offense]." State v. Yarbough, 100 N.J. 627, 643 (1985).
One further matter deserves some attention. As we noted at the outset of our opinion, and as we emphasize here, the argument belatedly advanced by defendant on appeal was never presented either to the judge who accepted the plea agreement or the sentencing judge. R. 2:10-2. We deem it important to note that all parties, the prosecutor, defense counsel, defendant and the judge, believed that the sentence on the Ocean County indictment was to commence running, without credit, from the date of its imposition. The comments of the judge and defense counsel at the plea proceedings, and the remarks of the judge at sentencing make that point unmistakably clear. Therefore, were we to accept defendant's present position, we would find it necessary to afford the prosecutor and the judge the opportunity to reject the plea agreement. Cf. State v. Kovack, 91 N.J. 476, 485 (1982). We find this course unnecessary, however, in light of our rejection of defendant's argument.
The sentences on Ocean County Ind. No. 521-7-85 and Essex County Ind. Nos. 3297-9-85 and 245-1-86 are hereby vacated. The matter is remanded for resentencing and a determination of appropriate credits in accordance with this opinion.
NOTES
[1] To the extent that defendant claims credit for time spent in jail awaiting disposition of unrelated charges, his argument is clearly devoid of merit. R. 2:11-3(e)(2). Under R. 3:21-8, credit is not allowable for time spent awaiting disposition of other charges. State v. Hill, 208 N.J. Super. 492, 495 (App.Div. 1986), certif. den. 104 N.J. 412 (1986); State v. Allen, 155 N.J. Super. 582, 585 (App.Div. 1978), certif. den. 77 N.J. 472 (1978); State v. Council, 137 N.J. Super. 306, 308 (App.Div. 1975).
[2] This matter was first raised by the Deputy Attorney General in her brief. We commend her for her candor and thoroughness.
[3] We note that the author of this commentary is, indeed, the attorney for defendant on this appeal.
[4] We recognize that N.J.S.A. 2C:44-5e(1) requires merger of a shorter term into a longer term when concurrent sentences are imposed. We interpret this section as meaning that when concurrent sentences are imposed, the shorter term merges into and is satisfied by discharge of the longer term. In the context of concurrent sentences imposed on different dates, it means no more than that the portion left to be served on the first sentence is to merge into and be satisfied by the discharge of the longer term.