244 N.J. Super. 521 (1990)
582 A.2d 1279
JOHN SHEIL, APPELLANT,
v.
NEW JERSEY STATE PAROLE BOARD, NEW JERSEY DEPARTMENT OF CORRECTIONS, RESPONDENT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN SHEIL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1990.
Decided November 30, 1990.
*522 Before ANTELL, O'BRIEN and SCALERA[1], Judges.
*523 J. Michael Blake, Assistant Deputy Public Defender, argued the cause for appellant, (Wilfredo Caraballo, Public Defender, attorney, J. Michael Blake, of counsel and on the brief).
Larry R. Etzweiler, Deputy Attorney General, argued the cause for respondent State of New Jersey, (Robert J. Del Tufo, Attorney General, attorney, Larry R. Etzweiler, of counsel and on the brief).
Mary F. Rubinstein, Deputy Attorney General, argued the cause for respondent, Parole Board (Robert J. Del Tufo, Attorney General, attorney, Michael R. Clancy, Assistant Attorney General, of counsel, Mary F. Rubinstein, on the brief).
The opinion of the court was delivered by SCALERA, J.A.D.
This appeal implicates the manner in which "jail time" and "gap-time" credits are to be calculated and credited to a defendant at sentencing.
On February 16, 1985, John Sheil committed an armed robbery of a Pizza Hut in Hamilton Township, Mercer County, New Jersey, contrary to N.J.S.A. 2C:15-1 and N.J.S.A. 2C:2-6. Pursuant to a plea agreement he pleaded guilty to that charge on April 8, 1987. As part thereof the State agreed to dismiss the remainder of that particular indictment and to recommend that any custodial sentence not exceed 15 years with a maximum parole ineligibility of 7 1/2 years. Moreover, the sentence was to run concurrently with the prison terms he was then serving on convictions in other counties. It was agreed further that he was to receive "jail credit" for the time served on the other offenses as of April 8, 1987 because he actually would not be sentenced until after he testified at trial against his codefendant on that indictment. At the time, Sheil was already serving time on four other convictions, the most pertinent of which was one in Middlesex County on which he had been sentenced to a term of 15 years with a parole ineligibility period of 5 years on February 10, 1986.
*524 Sheil was not actually sentenced on the Mercer County charge until February 5, 1988. He was given a 15 year custodial term with a minimum parole ineligibility period of 7 1/2 years to be served concurrently with the terms he was then serving. However, such concurrency was to start as of April 8, 1987 (the date of the plea agreement) but was not to be "coterminus" with such other terms. He was allowed what was termed as "jail credit" to start "April 8, 1987 to the date of receipt ... to be credited on total aggregate sentence defendant must serve." Thereafter, on February 19, 1988 Sheil moved the sentencing judge to amend the Judgment of Conviction to further reflect credits due to him from February 10, 1986 (the date of the Middlesex County sentence) pursuant to N.J.S.A. 2C:44-5(b)(2). On March 23, 1988 the judge responded that only "jail credit" from April 8, 1987 would be allowed.
Defendant therefore appealed from what he conceived to be the denial of any gap-time credits under N.J.S.A. 2C:44-5(b)(2). That appeal was considered on the Excessive Sentence Oral Argument calendar on May 10, 1989, as a result of which we did not recognize the more basic problem of the legality of the original plea agreement. As a consequence, we remanded the matter to the trial judge for him to reconsider the sentence, but only in terms of time credits to be extended to Sheil "under N.J.S.A. 2C:44-5(b)(2)."
Upon remand in August, 1989 the sentencing judge ruled that Sheil was entitled to gap-time credit from February 10, 1986 to April 8, 1987 and that his parole ineligibility was to be further reduced, but only by one-half of the allowed gap-time credit. Thus, the Judgment of Conviction was amended to award gap-time credit for the period of February 10, 1986 to April 8, 1987 and the minimum parole eligibility was reduced by one-half of this period of time. The jail credit originally given for the period from April 8, 1987 to February 5, 1988 remained unchanged.
*525 On October 23, 1989 the New Jersey State Parole Board informed Sheil that the time credits allowed by the sentencing judge from February 10, 1986 (date of first sentence in Middlesex County) to April 8, 1987 (date of guilty plea in Mercer County), and from April 8, 1987 to February 5, 1988 (date of second sentence in Mercer County) would be applied to reduce his maximum date. However, none of the credits would be applied in the calculation of his parole eligibility date.
Accordingly, Sheil filed these two appeals. One in which he contends that the State Parole Board erred in refusing to credit his parole eligibility date (A-1882) and another, captioned in the criminal matter, contending that the sentencing judge erred in calculating the appropriate credits due to him. (A-1935).[2]
On appeal, Sheil posits the issues as follows:
I. The sentencing court erred in the manner in which it applied N.J.S.A. 2C:44-5(b)(2).
II. Although the sentencing court correctly attempted to provide that Mr. Sheil not be harmed by his agreement to testify against his codefendant, the method it utilized was improper. Therefore the actual sentence must be modified.
III. The imposition of the maximum period of parole ineligibility in conjunction with the presumptive term is excessive and violative of State v. Towey, 114 N.J. 69 [552 A.2d 994] (1989). (Not raised below).
We conclude that the problems raised here were caused by the plea agreement which improperly provided that gap-time credits under N.J.S.A. 2C:44-5 be treated as jail-credits under R. 3:21-8.
N.J.S.A. 2C:44-5 was enacted to deal with the problems associated with the imposition of various sentences at different times. Subsection (b)(2) of this statute deals with the so-called "gap-time" credits. This section states:
b. Sentences of imprisonment imposed at different times. When a defendant who has previously been sentenced to imprisonment is subsequently *526 sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:
* * * * * * * *
(2) Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served.
It was designed to counteract the "dilatory tactics of a prosecutor in pursuing a conviction for an earlier offense after a defendant has already been sentenced on another offense." State v. Hall, 206 N.J. Super. 547, 550, 503 A.2d 344 (App.Div. 1985); State v. Hugley, 198 N.J. Super. 152, 158, 486 A.2d 900 (App.Div. 1985).
However, if found to be applicable, consideration of statutorily mandated gap-time credits is not discretionary. In State v. Richardson, 208 N.J. Super. 399, 506 A.2d 43 (1986), certif. den. 105 N.J. 552, 523 A.2d 188 (1986) (hereinafter Richardson I) we pointed out that the statute comes into play if,
(1) a defendant has already been sentenced to a term of imprisonment, (2) defendant is subsequently sentenced to another term of imprisonment, and (3) the subsequent sentence is for an offense that occurred prior to the imposition of the first sentence. Id. 208 N.J. Super. at 414, 506 A.2d 43.
There is no dispute here that Sheil has met these requirements. He was sentenced to prison on February 10, 1986 in Middlesex County and was subsequently sentenced on February 5, 1988 to another term of imprisonment in Mercer County for a crime which had occurred on February 16, 1985.
However, the problem here arises because the sentencing judge mistakenly gave Sheil 303 days of jail credits from the date of the plea (April 8, 1987) to the date of the second sentencing and then allowed 422 days of gap-time credits from the date of the first sentencing to the date of the plea. The full 725 days (303 and 422) should have been considered only as gap-time credits for the total time that Sheil spent in prison between the dates of his first sentence and second sentence. Richardson I, 208 N.J. Super. at 414-415, 506 A.2d 43. Indeed, both parties seem to agree that the sentencing judge erred in *527 awarding any jail credits on the second conviction, (the Mercer County conviction) because Sheil was already serving prison time on another offense. R. 3:21-8.
Jail credits for presentence time served can only be allowed if they are "solely attributable to the offense for which he is being sentenced ..." (Emphasis added) State v. Lawlor, 222 N.J. Super. 241, 245, 536 A.2d 766 (App.Div. 1988); see also State v. Allen, 155 N.J. Super. 582, 584, 383 A.2d 138 (App.Div. 1978) certif. den. 77 N.J. 472, 391 A.2d 487 (1978). Thus, Sheil was entitled to have the 725 days from February 10, 1986 through February 5, 1988 treated only as gap-time credit pursuant to N.J.S.A. 2C:44-5(b).
It is settled, however, that such gap-time credits cannot be applied to reduce a parole ineligibility period. The credits are only used to determine the "permissible aggregate length of the term remaining to be served." Sheil insists, however, that the Attorney General's asserted interpretation of the gap-time credit provision in Richardson v. Nickolopoulos, 110 N.J. 241, 254, 540 A.2d 1246 (1988) (hereinafter Richardson II) must result in a reduction of his parole ineligibility period. However, his reliance thereon is misplaced for two reasons. First, a close reading of the point that the Attorney General was trying to make therein reveals it to be ambiguous. Furthermore, Sheil offers no authority to contradict the square holding of Richardson II, that gap-time credits do not reduce parole ineligibility. Id. 110 N.J. at 254-255, 540 A.2d 1246. Moreover, whatever point the Attorney General was trying to make therein, it was purely dictum and not binding on this court. Id. at 255, 540 A.2d 1246. At oral argument we were advised that such a position has been abandoned.
We also note that consecutive sentences as occurred in Richardson II, and concurrent sentences as occurred here, are not treated differently in terms of gap-time credit. N.J.S.A. 2C:44-5(b)(2). As the Court emphasized, "it is the judge's function to fashion an appropriate sentence for the defendant as the defendant *528 appears before the court on the occasion of sentencing." Id. at 252, 540 A.2d 1246; See also Lorenzo v. Edmiston, 705 F. Supp. 209 (D.N.J. 1989) aff'd 882 F.2d 511 (3rd Cir.1989).
However, we do find merit in Sheil's contention that his plea agreement expectations may not have been met in light of the fact that the sentencing judge incorrectly awarded him 303 days jail time credit. In State v. Kovack, 91 N.J. 476, 453 A.2d 521 (1982) our Supreme Court held that it is the responsibility of the court taking the plea to affirmatively inform defendant of the maximum period of parole ineligibility which may be imposed. Id. at 483, 453 A.2d 521. In State v. Alevras, 213 N.J. Super. 331, 517 A.2d 460 (App.Div. 1986) we also pointed out that a defendant's misunderstanding of credits may affect his understanding of the maximum time he will serve under a plea agreement. "Hence, a guilty plea based on this misunderstanding may fail to satisfy the constitutional requirement that a plea be voluntarily, intelligently and knowingly entered, at least where the denial of the expected credits results in the imposition of a sentence longer in duration than the maximum contemplated." Id. at 338, 517 A.2d 460.
Therefore, Sheil's expectations may not have been met since the parole eligibility bar must remain at seven and one-half years and cannot be reduced by the award of any gap-time credits. In fact, both respondents candidly admit that Sheil may have had a reasonable expectation that he would receive jail credit which would have reduced that parole ineligibility period. However, they point out that State v. Ramirez, 241 N.J. Super. 372, 575 A.2d 45 (App.Div. 1990) stands for the proposition that Sheil acted at his peril in relying upon a plea agreement that contained promises that the prosecutor was not empowered to make. They then concede that his only remedy in such a case is a withdrawal of his guilty plea.
But Sheil does not want the plea agreement to be vacated. Instead, he requests that we exercise original jurisdiction to amend the judgment of conviction to reflect his expectations. *529 However, a specific performance remedy was rejected in State v. Kovack, supra, 91 N.J. at 484, 453 A.2d 521, based on the fact that the parties to a plea agreement cannot bind the sentencing court. In this case the entire sentencing must be remanded to the trial court to permit it to reject or accept the plea after determining defendant's true expectations. If it then lawfully decides to permit a withdrawal of the plea, defendant has the option to (1) be resentenced, (2) renegotiate the plea agreement, or (3) withdraw his guilty plea and proceed to trial. Id. at 485, 453 A.2d 521. However, we caution that when the sentence is reimposed under these options the trial court should consider that defendant has already kept his part of the plea bargain by testifying against his codefendant and fashion fair sentence in light of that fact.
Thus, we need not deal with the merits of Sheil's argument, (which we incidentally find to be unpersuasive), that the imposition of the maximum period of parole ineligibility in conjunction with the presumptive term is in violation of State v. Towey, 114 N.J. 69, 552 A.2d 994 (1989). Moreover, such an argument might well be procedurally barred at this juncture since issues not raised below ordinarily will not be considered on appeal. Stuchin v. Kasirer, 237 N.J. Super. 604, 608-609, 568 A.2d 907 (App.Div. 1990).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Judge Antell was not present at oral argument but participates in this appeal with the consent of the parties.
[2] Both appeals are being disposed of in this one opinion.