263 N.J. Super. 256 (1993)
622 A.2d 919
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TOMMIE EDWARDS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 2, 1993.
Decided March 30, 1993.
*257 Before Judges BILDER, BAIME and WALLACE.
Zulima V. Farber, Public Defender, attorney for appellant (Carolyn A. Parks, Assistant Deputy Public Defender, of counsel and on the letter-brief).
Nicholas L. Bissell, Jr., Somerset County Prosecutor, attorney for respondent (James L. McConnell, Assistant Prosecutor, of counsel and on the letter-brief).
BAIME, J.A.D.
This appeal requires us to revisit the arcane subject of gap-time credits under N.J.S.A. 2C:44-5b(2). This statute entitles a defendant to credit for time served under a prior custodial term where the previous sentence was imposed after he had committed the crime for which he is currently being sentenced. At *258 issue is whether gap-time credits are to include the time period the defendant spent in jail pending imposition of the prior sentence. We hold that statutory gap-time credits are to include only the period of incarceration between imposition of the first and second sentence. The defendant should not be given gap-time credit against the subsequent concurrent sentence for the period of time spent in jail pending imposition of the earlier sentence.
The facts and chronology of events are extremely confusing and involve a plethora of charges stemming from a variety of crimes committed on different dates. To avoid distractions, we omit references to crimes and indictments which were ultimately dismissed. On May 17, 1988, defendant was arrested for armed robbery (N.J.S.A. 2C:15-1) and theft by deception (N.J.S.A. 2C:20-4). Defendant posted bail and was released on December 1, 1988. On October 7, 1989, defendant was again arrested, this time for aggravated assault on a police officer. (N.J.S.A. 2C:12-1b(5)). He was released on bail on this charge on February 6, 1990. All of these offenses were committed on different dates in different places in Middlesex County. Three separate indictments were ultimately returned on these charges.
On March 12, 1990, defendant committed theft by deception (N.J.S.A. 2C:20-4) and forgery (N.J.S.A. 2C:21-1a(3)) in Somerset County. Defendant was not immediately apprehended for those offenses because the victim did not report the incidents to the police. However, defendant's bail was revoked on the Middlesex County charges for unrelated reasons and he was returned to custody on April 20, 1990. Several months later, the victim of the Somerset County theft and forgery identified defendant as the culprit. On October 12, 1990, defendant was transported to Somerset County where he was arrested and released on his own recognizance that same day. Defendant was remanded to the Middlesex County jail where he remained until April 5, 1991.
*259 On January 7, 1991, defendant was sentenced to an aggregate term of five years with a three year parole disqualifier on the Middlesex County indictments. Pursuant to R. 3:21-8, he was given full jail credits for the time period he was incarcerated while awaiting disposition of the Middlesex County charges. On April 5, 1991, defendant was sentenced on the Somerset County charges. After merging the offenses, the court sentenced defendant to a custodial term of five years with the stipulation that he serve 18 months without parole eligibility. The judge ordered that the sentence be served concurrently with the term imposed on the Middlesex County offenses. Defendant was given gap-time credits for the period of time he spent in custody between imposition of the Middlesex County sentence on January 7, 1991, and the Somerset County sentence on April 5, 1991. Defendant's subsequent motion to add, as gap-time credits, the period he spent in custody before disposition of the Middlesex County charges was denied.
Defendant appeals, contending that he should have received credit for the period from April 20, 1990, when his bail was revoked on the Middlesex County charges, through April 5, 1991, when the Somerset County sentence was imposed. Although this custodial period was attributable to the Middlesex County charges, defendant claims that it should have been included as gap-time credits in order to make the sentences "truly concurrent." We disagree.
We begin our analysis with the operative language of the applicable sections. N.J.S.A. 2C:44-5b(2) provides in pertinent part:
When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody;
* * * * * * * *
(2) Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment *260 on the prior sentence in determining the permissible aggregate length of term or terms remaining to be served; ....
N.J.S.A. 2C:44-5e reads as follows:
(1) When terms of imprisonment run concurrently, the shorter terms merge in and are satisfied by discharge of the longest term.
(2) When terms of imprisonment run consecutively, the terms are added to arrive at an aggregate term to be served equal to the sum of all terms.
Although these sections seem straightforward, they are subject to varying interpretations and have received uneven treatment in our opinions. See, e.g., State v. Robinson, 253 N.J. Super. 346, 358, 601 A.2d 1162 (App.Div. 1992); Sheil v. N.J. State Parole Bd., 244 N.J. Super. 521, 526, 582 A.2d 1279 (App.Div. 1990), appeal dismissed, 126 N.J. 308, 598 A.2d 872 (1991); State v. Lawlor, 222 N.J. Super. 241, 245, 536 A.2d 766 (App. Div. 1988); State v. Benedetto, 221 N.J. Super. 573, 578, 535 A.2d 525 (App.Div. 1987), certif. denied, 111 N.J. 559, 546 A.2d 491 (1988); State v. Hugley, 198 N.J. Super. 152, 158, 486 A.2d 900 (App.Div. 1985). The majority view is that the statute was designed to counteract the dilatory tactics of a prosecutor in pursuing a conviction for an earlier offense after a defendant had been sentenced on another crime. See Sheil v. N.J. State Parole Bd., 244 N.J. Super. at 526, 582 A.2d 1279; State v. Hall, 206 N.J. Super. 547, 550, 503 A.2d 344 (App.Div. 1985); State v. Hugley, 198 N.J. Super. at 158, 486 A.2d 900. The problem was described in State v. Richardson, 208 N.J. Super. 399, 408-15, 506 A.2d 43 (App.Div. 1986). There, it was explained that where a subsequent concurrent sentence is substantially less than the former sentence or is imposed shortly after the prior term is set, the later sentence will not extend the total period of incarceration. Id. at 410, 506 A.2d 43. If, however, the subsequent sentence is either significantly larger than the first or is imposed substantially later, the total period of incarceration will be materially extended. Ibid. By manipulating the calendar and delaying imposition of the second sentence, a prosecutor may significantly add to the defendant's custodial time, notwithstanding the sentencing court's desire to have the sentences run concurrently. Ibid. This problem may *261 be avoided by treating all concurrent sentences as if they were imposed on the same date. Only by giving credit against all concurrent sentences may full concurrency be achieved and the time gap between the imposition of the successive sentences be made irrelevant. See Cannel, Criminal Code Annotated, Comment 4 on N.J.S.A. 2C:44-5, at 781 (1992-93). The predominant position is that the statute seeks to achieve this goal by giving the defendant credit for the time spent in incarceration between imposition of the first and second sentences.
The minority view is set forth in State v. Benedetto, 221 N.J. Super. at 579, 535 A.2d 525. There, the court observed that the net effect of the majority position was to require that a concurrent sentence be accorded a retroactive impact and be considered as running from the date that the prior sentence was imposed. Ibid. Noting the long-standing New Jersey rule barring retroactive sentencing, see Compilation of Administrative Directives for New Jersey Judges at 127 (1981), the court perceived no legislative design to change prior practices in that respect, particularly in light of the policy underlying the Code of Criminal Justice "that there can be no free crimes in a system for which the punishment shall fit the [offense]." Id. at 579, 535 A.2d 525 (quoting State v. Yarbough, 100 N.J. 627, 643, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986)). The minority view is said to be supported by the legislative history. N.J.S.A. 2C:44-5b(2) is derived from the Model Penal Code. See MPC § 7.06. One of the essential purposes of the MPC was to "place a limit" on the cumulation of sentences. Model Penal Code Commentary § 7.06 at 272. The MPC section which formed the basis for N.J.S.A. 2C:44-5b(2) required that the outer limit for consecutive sentences "not exceed the extended term for the longest offense," MPC § 7.06(2)(a), and provided that "credit be allowed on sentences for crimes committed prior to the first sentence for time served on the prior sentence." MPC § 7.06(2)(b). What the MPC had in mind, then, in speaking of a "credit" was in fact a limit on the maximum term of imprisonment *262 that could be imposed on the sentencing occasion, not a declaration that the time served on the prior sentence be regarded as time served on the current sentence. When our Legislature adopted N.J.S.A. 2C:44-5b(2), there was a striking omission in the translation from the MPC to the Code of Criminal Justice in that our Code has no limit on the aggregate of consecutive terms. A cogent argument can thus be made that N.J.S.A. 2C:44-5b(2) was not designed to require that concurrent sentences be made coterminous, as the majority asserts. The minority position thus views N.J.S.A. 2C:44-5 as a statement of the maximum cumulative sentences that may be imposed, consonant with the purpose of MPC § 7.06, its ancestor.
This legislative history was recounted at length by our Supreme Court in Richardson v. Nickopolous, 110 N.J. 241, 244, 540 A.2d 1246 (1988), a case which involved the effect of N.J.S.A. 2C:44-5b(2) on consecutive sentences with corresponding parole disqualifier terms. Although the Court touched upon the impact of gap-time credits on concurrent sentences and noted the different positions that had emerged on the issue, the question was not resolved. Id. at 252-54, 540 A.2d 1246. At the present time, gap-time credits remain "a riddle wrapped in a mystery inside an enigma."
We have no occasion to join in the fray here and state our view on the issue. As we understand it, the sentencing court adopted the majority position. No cross-appeal has been filed. We thus accept the thesis that N.J.S.A. 2C:44-5b(2) was intended to make concurrent sentences coterminous and, thus to treat both sentences as if they were imposed on the same date.[1] So posited, it is plain that this policy would not be advanced by including as gap-time credits the period of time the defendant *263 spent in jail prior to imposition of the first sentence. If the purpose of N.J.S.A. 2C:44-5b(2) was to counteract dilatory prosecution after a defendant has been sentenced on one offense and to make irrelevant the dates of imposition of the successive sentences, see Cannel, Criminal Code Annotated, Comment 4 on N.J.S.A. 2C:44-5, at 781, that goal would not be served by including as gap-time credits the period the defendant spent in jail awaiting disposition of the first set of charges.
Our holding maintains the sharp distinction between jail credits and gap-time credits. R. 3:21-8 provides that a defendant "shall receive credit on the term of a custodial sentence for any time he has served in jail or in a state hospital between his arrest and the imposition of sentence." Jail credits "reflect the reality that a defendant who is not admitted to bail for want of property suffers detriment compared to a person of property, who can obtain bail and thus his freedom." Richardson v. Nickolopolous, 110 N.J. at 249 n. 2, 540 A.2d 1246. A person who cannot post bail "would receive double punishment since the judicial sentence would be cumulative to jail time spent by a presumably innocent but poor defendant." Id. at 250 n. 2, 540 A.2d 1246. In contrast, gap-time credits do "not seek to cure double punishment  by definition, the defendant is serving the time not because of his poverty but because of the other offense." Ibid. The point to be stressed is that jail credits under R. 3:21-8 "only appl[y] to confinement directly attributable to the particular offense giving rise to the initial incarceration." State v. Hill, 208 N.J. Super. 492, 495, 506 A.2d 373 (App.Div.), certif. denied, 104 N.J. 412, 517 A.2d 411 (1986); see also In re Hinsinger, 180 N.J. Super. 491, 499, 435 A.2d 850 (App.Div. 1981); State v. Allen, 155 N.J. Super. 582, 584, 383 A.2d 138 (App.Div. 1978), certif. denied, 81 N.J. 405, 408 A.2d 799 (1979); State v. Council, 137 N.J. Super. 306, 308, 349 A.2d 71 (App.Div. 1975); State v. Brandfon, 38 N.J. Super. 412, 119 A.2d 185 (Cty.Ct. 1955), aff'd o.b., 40 N.J. Super. 328, 123 A.2d 30 (App.Div. 1950). If we were to adopt defendant's argument, the time served awaiting disposition of the Middlesex County *264 charges would be credited against the Somerset County sentence in derogation of this well-recognized rule. Defendant has already received credit on the Middlesex County charges for the period he was incarcerated prior to imposition of the first sentence. To bestow upon the defendant the requested additional jail credit against the Somerset County sentence would allow an impermissible double benefit which neither N.J.S.A. 2C:44-5b(2) nor R. 3:21-8 intended to sanction.
Contrary to defendant's present claim, the Somerset County sentence did not exceed his reasonable expectations. Defendant did not plead guilty pursuant to a plea agreement. Pursuant to R. 3:9-2, the consequences of the plea were fully explained to him by the court and his attorney. Nothing in the record suggests that defendant was told that he would be credited on the Somerset County sentence with the time he spent in jail pending disposition of the Middlesex County charges.
Affirmed.
NOTES
[1] If we were to adopt the minority position, the subsequent concurrent sentence would run from the date of its imposition and, of course, the defendant would not receive the benefit of credit for the time spent in jail prior to imposition of the first sentence.