271 N.J. Super. 130 (1994)
638 A.2d 162
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEONIDAS GUAMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 31, 1994.
Decided March 3, 1994.
*131 Before Judges PETRELLA, BAIME and VILLANUEVA.
Susan L. Reisner, Acting Public Defender, attorney for appellant (J. Michael Blake, Assistant Deputy Public Defender, of counsel and on the letter-brief).
John J. Fahy, Bergen County Prosecutor, attorney (Stuart A. Minkowitz, Assistant Prosecutor, of counsel and on the letter-brief).
The opinion of the court was delivered by BAIME, J.A.D.
Defendant appeals from the Law Division's denial of gap time credits against a sentence imposed on a violation of probation. The offense for which defendant was sentenced on the violation of probation occurred prior to the imposition of sentence on another violation of probation. Defendant thus contends that he is entitled to gap time credits for the interval between the resentencing on the first violation of probation and the completion of that sentence. Although the issue is not free from doubt, we agree and remand for a determination of gap time credits.
The chronology of events is extremely confusing. In order to simplify the issue presented, we do not discuss extraneous facts pertaining to intervening indictments, convictions and sentences. Instead, we focus upon the interplay between two crimes for which defendant was convicted and sentenced, one in Essex County and the other in Bergen County.
On April 1, 1986, defendant entered a retraxit plea of guilty to an Essex County indictment charging him with possession of cocaine with intent to distribute (N.J.S.A. 24:21-10a) (now N.J.S.A. 2C:35-5a(1)). The crime occurred on August 14, 1985. On June 18, 1986, defendant was sentenced to two years probation.
On July 25, 1989, defendant entered a retraxit plea of guilty to a Bergen County indictment charging him with possession of cocaine *132 with intent to distribute (N.J.S.A. 2C:35-5a(1)). The crime occurred on January 30, 1989. On September 8, 1989, defendant was sentenced to five years probation.
On November 30, 1989, defendant was formally charged with a violation of probation on the Bergen County conviction for failure to report and pay the penalties and fees assessed. Defendant was later charged with violating probation on the Essex County conviction. He appeared for resentencing on the Essex County case on April 5, 1990 and was sentenced to four years in prison. Defendant completed this sentence on February 28, 1992, and was transferred to the Bergen County jail because of the detainer that had been filed on the Bergen County violation of probation. On March 13, 1992, defendant was sentenced to four years on the Bergen County conviction.
At issue is whether defendant is entitled to gap time credits for the interval between the resentencing on the Essex County conviction, which occurred on April 5, 1990, and the completion of that sentence, which occurred on February 28, 1992.[1] The gap time credit statute, N.J.S.A. 2C:44-5b(2), provides:
When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:
* * * * * * * *
Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served[.]
Defendant contends that he is entitled to gap time credit because the "offense" for which he was convicted in Bergen County occurred before the sentence of imprisonment imposed on the Essex County violation of probation. The State asserts that because defendant's subsequent sentence in Bergen County was *133 for a violation of probation and not for an offense that occurred prior to resentencing on the Essex County conviction, the statute does not apply.
In Booker v. N.J. State Parole Bd., 265 N.J. Super. 191, 625 A.2d 1153 (App.Div.), certif. granted, 134 N.J. 486, 634 A.2d 532 (1993) and State v. Edwards, 263 N.J. Super. 256, 622 A.2d 919 (App.Div. 1993), we recounted at length the legislative history underlying the statute and the different interpretations we have given to it. The majority view is that the statute was designed to counteract dilatory tactics of a prosecutor in pursuing a conviction for an earlier offense after a defendant has been sentenced on another crime. See Sheil v. N.J. State Parole Bd., 244 N.J. Super. 521, 526, 582 A.2d 1279 (App.Div. 1990), appeal dismissed, 126 N.J. 308, 598 A.2d 872 (1991). Advocates of this position contend that only by giving credit against all concurrent sentences may full concurrency be achieved and the time gap between the successive sentences be made irrelevant. See Cannel, New Jersey Criminal Code Annotated, Comment 4 on N.J.S.A. 2C:44-5, at 781 (1992-93). The minority view is that N.J.S.A. 2C:44-5b(2) was derived from the Model Penal Code (see MPC § 7.06) and was designed to place a limit on the cumulation of sentences, but the Legislature failed to enact the companion provision, MPC § 7.06(2)(a), which required that the outer limit for consecutive sentences "not exceed the extended term for the longest offense." State v. Edwards, 263 N.J. Super. at 261-62, 622 A.2d 919. The minority asserts that N.J.S.A. 2C:44-5b(2) was not designed to require that concurrent sentences be made coterminous, but that the statute should be viewed as a statement of the maximum cumulative sentences that may be imposed, consonant with the purpose of MPC § 7.06. We merely add here that a prosecutor may not be aware of the fact that an offense was committed prior to imposition of the first sentence, that other factors and institutions may be equally guilty of causing delay in the disposition of criminal cases and that the gap time statute applies to consecutive as well as concurrent sentences, thus militating against the idea that this section was *134 designed to create true concurrency of sentences imposed at different times.
In Richardson v. Nickolopoulos, 110 N.J. 241, 540 A.2d 1246 (1988), our Supreme Court described the various positions taken and added a third which was then advanced, and is now rejected, by the Attorney General. However, the Court did not resolve the problem. As we noted, the Court granted certification in Booker and we await guidance on the subject. In State v. Edwards, 263 N.J. Super. 256, 622 A.2d 919, the statute was described as "a riddle wrapped in a mystery inside an enigma." Id. at 262, 622 A.2d 919. When we consider the added gloss of nonsequential sentences imposed on separate violations of probation, our characterization of the statute becomes an understatement. Instead, the subject is a puzzle surrounding a riddle wrapped in a mystery inside an enigma.
In the context of the facts here, we choose to read the statute literally. Because the crime for which defendant was convicted in Bergen County occurred prior to the "sentence[] [of] imprisonment" imposed on the Essex County indictment, the defendant must be "credited with time served in imprisonment on the prior sentence." N.J.S.A. 2C:44-5b(2). The interests of justice strongly militate in favor of the manner in which we have applied the gap time statute under the facts presented. Although defendant was formally charged with a violation of probation on the Bergen County conviction on November 30, 1989, he was not resentenced until March 13, 1992. In the interim, he was sentenced on the violation of probation on the Essex County conviction. In fact, defendant was resentenced on the Bergen County violation of probation only after he was paroled on the Essex County sentence. By reason of this unseemly delay, the Law Division judge in the Bergen County case was denied the opportunity to impose a truly concurrent sentence.
Having said this, we can envision other circumstances where it would be unjust to apply the gap time statute to a sentence of imprisonment imposed on a violation of probation. Indeed, application *135 of the statute in some instances may serve as an incentive for a defendant to violate the conditions of probation. For example, a defendant who has been placed on probation and then sentenced on an unrelated conviction might choose to stop payment of a fine or restitution order after he has served a large part of his sentence. If he is later sentenced to a term of imprisonment on the violation of probation, gap time credits would be awarded based upon the time he has been incarcerated on the sentence previously imposed. We leave resolution of this problem for another day.
We would be remiss if we failed to add the following comments. The mere mention of gap time credits makes stolid judges tremble. The law books contain opinion upon opinion dealing with this arcane subject, and legislative relief is not in sight. As we write this opinion, earnest young lawyers continue to devise their tedious arguments of insidious intent, thus adding to our torment. It is a judicial nightmare. Perhaps it is time for us to admit defeat and tell the Legislature in plain terms that we do not know what that body intended when it enacted the gap time statute. With our respect, we commend the matter to the Legislature for its consideration.
The matter is remanded to the Law Division for a determination regarding gap time credits. In addition, jail credits should be awarded for the period defendant spent in jail after he was paroled on the Essex County sentence and until he was resentenced on the Bergen County violation of probation. We do not retain jurisdiction.
NOTES
[1] The State acknowledges that the trial judge erred in not granting jail credits for the time spent in custody in Bergen County from February 28 to March 13, 1992.