**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3233-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KAHLIL S. BLACKWELL,

     Defendant-Appellant.

_____

Submitted October 12, 2021 – Decided November 5, 2021

Before Judges Sabatino and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-04-1195.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Debra B. Albuquerque, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After defendant Kahlil S. Blackwell pled guilty to one count of conspiracy to commit murder, N.J.S.A. 2C:5-2 and 2C:11-3(a)(1) and (2), the trial court sentenced him to a sixteen-year term subject to a period of parole ineligibility under the No Early Release Act. N.J.S.A. 2C:43-7.2. Defendant appeals from his sentence, arguing that we should direct the trial court to alter its award of jail and gap-time credits to conform to his expectations, or he should be allowed to withdraw his guilty plea because he did not receive the jail credits he expected when he entered his guilty plea. He also contends that this matter be remanded to allow the trial court to reconsider its sentence under the recently enacted amendment to N.J.S.A. 2C:44-1(b) that added new statutory mitigating factor (14), "[t]he defendant was under 26 years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14).

We conclude that defendant's arguments are without merit as defendant never filed a motion to withdraw his plea based upon not receiving sufficient jail credits, which he describes as a material breach of his plea agreement, and because he is not entitled to a remand for resentencing under mitigating factor (14) as the amendment to the sentencing statute has only prospective effect, unless "where, for a reason unrelated to the adoption of the statute, a youthful

2

defendant is resentenced." State v. Bellamy, 468 N.J. Super. 29, 48 (App. Div. 2021).[1]

For our purposes here, the facts leading to defendant's arrest and indictment need not be set forth at length. Rather, we summarize the facts gleaned from the record of defendant's plea and sentencing hearings.

The underlying murder occurred on July 29, 2012. Defendant was arrested for his participation in that crime on November 26, 2012. Prior to his arrest, on September 14, 2012, he was sentenced on another indictment for an unrelated charge and received an aggregate term of eight years. He completed that sentence on November 30, 2017. He was later sentenced in this case on his plea to conspiracy to commit murder on January 24, 2020.

Prior to pleading guilty, defendant completed a plea agreement form that stated the recommended sentence would run "concurrent to any and all other matters pending at the time of plea," and defendant would receive "credit for all time-since arrest date." He also confirmed in the form that there were no other

---

[1] Defendant filed his appeal from his sentence in April 2020. After the amendment to N.J.S.A. 2C:44-1(b) adding mitigating (14) became law, on November 12, 2020, defendant requested that his appeal be transferred from this court's excessive sentencing panels' calendar and placed on a plenary calendar "because the issue of retroactivity [of the amended statute] will require briefing." Thereafter, on May 17, 2021, we issued our opinion in Bellamy, holding that the amendment had prospective application only.

promises or representations made by anyone as part of his plea agreement that were not stated in the form.

The plea hearing took place on November 13, 2019. At the hearing, defense counsel recited the terms of the plea agreement and noted that defendant was to "receive credit for all time served since his arrest date." She also confirmed that she reviewed the paperwork with her client. While questioning defendant, counsel specifically confirmed with him that he had "pretty significant time of credit . . . for time served," and that he would "be given all credit that you are due." In response, defendant confirmed that was his understanding.

As already noted, defendant's sentencing took place on January 24, 2020. At the commencement of the proceeding, defense counsel again placed on the record the recommended sentence that included "credit for all time since his arrest." Counsel noted that "the way it's written, 'credit for all time since arrest date,' is the way it was written in the plea form." Counsel then continued to address the issue of jail credit by stating the following:

> [A]nd it was not listed as gap time. I do think that Your Honor has the discretion to order all of it as straight time. And I would say that would be in accordance with the plea agreement and really what my client agreed to at the time that he entered into the guilty plea.

A-3233-19

In response, the prosecutor stated it was "not within the State's purview to agree. The State really defers to the [c]ourt [on] whether the jail credits should be one or the other."

Thereafter, the court sentenced defendant and in doing so found three statutory aggravating factors and no mitigating factors. The court then sentenced defendant in accordance with the plea agreement and turned to the issue of jail credits. The court stated the following:

> Now I have considered the issue of the time in this matter and I will say this. I see no reflection. What the plea agreement says, he'll get credit for all the time since arrest date. There's no reflection in this plea agreement that I was to treat the gap time any different than the straight time. So on [the] basis of that, the [c]ourt is going to grant credit for the time served of 785 days straight time and then gap time is going to be . . . 1,903 days. . . .
>
> Just to be clear, again, credit for time served is 785 days. He will receive gap time of 1,903, . . . but I'm not going to consider that as straight time.

This appeal followed.

On appeal defendant specifically argues the following two points:

> POINT I
>
> DEFENDANT SHOULD BE RESENTENCED IN LIGHT OF THE NEWLY ENACTED AGE RELATED MITIGATING FACTOR. (NOT RAISED BELOW).

5

DEFENDANT'S PLEA WAS ENTERED WITH THE
REASONABLE EXPECTATION THAT HE WOULD
BE GRANTED JAIL CREDIT FOR ALL TIME HE
SPENT IN CUSTODY FROM THE DATE OF HIS
ARREST TO DATE OF SENTENCE IN THIS CASE.

We begin by addressing defendant's contention about the application of the recent amendment to the statutory mitigating factors and conclude it is without any merit. As defendant committed his crime and was sentenced prior to the amendments effective date, he is not entitled to be resentenced for the purpose of the court considering the additional mitigating factor based upon his youth because he is not being resentenced. See Bellamy, 468 N.J. Super. at 48. The only issue before us is whether defendant should be permitted to withdraw his plea because he did not receive the jail credits he alleges he anticipated receiving when he pled guilty and was sentenced.

As to the issue of jail time credits,[2] we reject defendant's argument as being without sufficient merit to warrant discuss in a written opinion, R. 2:11-

---

[2] Jail credits are awarded under Rule 3:21-8(a) for time spent in custody pre-sentence. A sentencing court has no discretion to withhold such credits, which will reduce the sentence and any parole ineligibility period on a day for day basis. See State v. C.H., 228 N.J. 111, 117 (2017). "In contrast, gap-time credits [are] awarded pursuant to N.J.S.A. 2C:44-5(b)" and "give a defendant who is sentenced on two separate dates credits against the second sentence for time

3(e)(2). Suffice it to say that defendant does not dispute that the sentencing court correctly calculated and allocated gap-time and jail credits. Rather he contends for the first time on appeal that it was "a material breach of his plea agreement" to not be awarded jail credit for all of the time he spent incarcerated, whether on the charges in this case or in the unrelated matter and regardless of whether the trial court had the discretion to do so. He makes that argument without ever filing a motion to vacate his plea under Rule 3:21-1 based upon his present contentions.[3] Under these circumstances, where it is undisputed the trial court correctly calculated and applied defendant's credits, defendant's only avenue for seeking relief is through a motion to withdraw his plea.[4]

---

served following imposition of the first sentence." State v. Rippy, 431 N.J. Super. 338, 347-48 (App. Div. 2013) (citing State v. Hernandez, 208 N.J. 24, 38 (2011)). They "are applied to the 'back end' of a sentence," which if there is no parole ineligibility period, will advance the date a defendant becomes eligible for parole. Id. at 348 (quoting Hernandez, 208 N.J. at 38). "[W]here gap-time credits are applicable, [a court] has no discretion to award jail credits instead." Ibid. Jail "credit is impermissible if the confinement is due to service of a prior-imposed sentence or another charge." State v. Hemphill, 391 N.J. Super. 67, 71 (App. Div. 2007).

[3] We recognize that defendant could not have made a motion to withdraw his pleas until after his jail credits were determined at his sentencing. Nevertheless, there is no reason that he could not have done so after he was sentenced.

[4] "An incorrect calculation of a defendant's jail credits may impact the voluntariness of the guilty plea," State v. McNeal, 237 N.J. 494, 499 (2019), and

A-3233-19

We conclude that without the filing of that motion and its determination by the trial court in the first instance, the matter is not properly before us. See State v. Robinson, 200 N.J. 1, 19 (2009) ("The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves."). "[A]ll factual and legal issues concerning credits should be considered upon presentation to the [trial court] and that [it] should give a statement of reasons, including findings of fact and conclusions of law, with respect to the subject of credits and its impact on the sentence and the voluntariness of the plea, if defendant [files a] motion to withdraw the guilty pleas." Alevras, 213 N.J. Super. at 339. For that reason, we do not now consider the issue of whether there was a material breach of the plea agreement entitling defendant to withdraw his guilty plea based upon the trial court's award of jail and gap-time credits. We only acknowledge as do the parties that the trial court correctly calculated and applied defendant's credits.

---

may require a hearing to resolve the issue. See Sheil v. State Parole Bd., 244 N.J. Super. 521, 528 (App. Div. 1990) (remanding for a hearing where defendant reasonably may have expected his period of parole ineligibility could be reduced by gap-time credits); State v. Alevras, 213 N.J. Super. 331, 338 (App. Div. 1986) ("[I]n certain circumstances, a defendant's misunderstanding of credits may affect his understanding of the maximum exposure. Hence, a guilty plea based on this misunderstanding may fail to satisfy the constitutional requirement that a plea be voluntarily, intelligently and knowingly entered . . . .").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3233-19