639 A.2d 411

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. DENNIS HUNT, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 16, 1994—Decided April 11, 1994.

Before Judges SHEBELL, LONG and LANDAU.

*Susan L. Reisner*, Acting Public Defender, attorney for appellant (*Claudia Van Wyk*, Deputy Public Defender II, of counsel and on the letter-brief).

*Clifford J. Minor,* Essex County Prosecutor, attorney for respondent (*Debra G. Lynch,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

In this case, we consider only the issue of defendant's entitlement to "gap-time" credit for the time period from his final revocation of parole until his sentencing for new offenses. The State resists the application, noting that under *State v. Edwards,* 263 *N.J.Super.* 256, 264, 622 *A.*2d 919 (App.Div.1993), any gap-time credit would award defendant an impermissible double benefit. We affirm the sentencing judge's denial of gap-time credit.

Defendant's appeal was originally considered by this court on the Excessive Sentence Only Calendar, at which time we affirmed the sentence imposed as not manifestly excessive or unduly punitive, and modified the restitution to a total of $193. We did not consider the jail credit issue, but we permitted defendant to file a brief on the question of gap-time credit, within 30 days of our June 7, 1993 order.

Factually, it appears that defendant was arrested on May 11, 1991, for possession of a handgun without a permit and possession of dum-dum bullets. He was released on bail on May 14, 1991, and indicted on these charges on August 8, 1991. Prior thereto, defendant had been arrested on December 29, 1990, following an incident which resulted in his being indicted on March 19, 1991, on charges of possession of heroin, three counts of robbery with a handgun, possession of a handgun without a permit, possession of a weapon with a purpose to use it unlawfully, and possession of an imitation firearm with intent to use it unlawfully. Defendant was incarcerated following that arrest on December 29, 1990, and was released on bail on January 3, 1991.

On January 21, 1992, defendant entered into a plea bargain as to both indictments. No promises were made as to gap-time or

other credits. Defendant, when sentenced on March 9, 1992, was afforded jail credits of six days on his plea to two of the robbery counts on the earlier indictment, and to four days credit on the later indictment on which he pled guilty to unlawful possession of a weapon. He was sentenced to an aggregate sentence of ten years with three and one-third years of parole ineligibility.

At the time of the commission of the crimes charged in these indictments, defendant was on parole. He was returned to custody because of the parole violations on August 14, 1991. His parole was finally revoked on October 21, 1991. There was, therefore, a period of 143 days between his sentencing on March 9, 1992, on the two aforementioned indictments, and the revocation of parole on October 21, 1991. It is for this gap in time which defendant seeks credit against the sentence imposed.

*N.J.S.A.* 2C:44–5b, addressing sentences of imprisonment imposed at different times, provides, in part, that:

When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody;

    \*      \*      \*      \*      \*      \*      \*      \*

(2) Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served; and

(3) When a new sentence is imposed on a prisoner who is on parole, the balance of the parole term on the former sentence shall not be deemed to run during the period of the new imprisonment unless the court determines otherwise at the time of sentencing.

Recently, in *State v. Guaman*, 271 *N.J.Super.* 130, 638 *A.2d* 162 (App.Div.1994), decided March 3, 1994, we dealt with a defendant's demand for gap-time credits where he was sentenced on a violation of probation for an offense which occurred prior to the imposition of sentence on another violation of probation. Out of an abundance of caution, we held that the defendant was entitled to gap-time because of the perceived legislative policy seeking to deter "dilatory tactics of a prosecutor in pursuing a conviction for an earlier offense after a defendant has been sentenced on another

crime." *Id.* at 133, 638 *A.*2d at 164, (citing *Sheil v. N.J. State Parole Bd.*, 244 *N.J.Super.* 521, 526, 582 *A.*2d 1279 (App.Div.1990).

We find nothing in *N.J.S.A.* 2C:44–5b which would lend support to a legislative intent to grant gap-time credit to a defendant, who, while on parole, commits a violation which results in his incarceration prior to his sentencing for the new offense. The usual prosecutional decision making process is not involved in parole violation matters, and revocation of parole does not involve a new sentencing. The revocation of defendant's earlier parole status does not constitute a new sentencing event within the contemplation of *N.J.S.A.* 2C:44–5b(2). Therefore, the interpretation urged by defendant does not fit within the language of the gap-time credit provision, which applies only to defendants who have committed the subsequent offense prior to the former sentence, nor does it further the legislative policy. *N.J.S.A.* 2C:44–5b. Thus, revocation of parole is clearly distinguishable from re-sentencing following a violation of probation.

Further, *N.J.S.A.* 2C:44–5b(3) evidences a legislative intent to leave to the sentencing judge's discretion the ability to cause a parole violator to serve out his or her entire former sentence prior to receiving credit for time served on the new sentence. It specifically provides:

> When a new sentence is imposed on a prisoner who is on parole, the balance of the parole term on the former sentence shall not be deemed to run during the period of the new imprisonment unless the court determines otherwise at the time of sentencing.
>
> [*N.J.S.A.* 2C:44–5b(3).]

Our review of existing case law on this subject as set forth in *Guaman*, satisfies us that defendant is not entitled to gap-time credit in these circumstances.

Affirmed.