198 N.J. Super. 152 (1985)
486 A.2d 900
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD HUGLEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 13, 1984.
Decided January 9, 1985.
*154 Before Judges McELROY and DREIER.
Joseph H. Rodriguez, Public Defender, attorney for appellant (Brenda McElnea, Designated Counsel, of counsel and on the brief).
Stephen G. Raymond, Prosecutor of Burlington County, attorney for respondent (Kathy S. Morrissey, of counsel; Martin Mooney, Legal Intern, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendant appeals from a denial of his motion for post-conviction relief seeking credit for the full time he served in Florida for a crime committed after the offense for which he received a New Jersey sentence.
*155 On July 13, 1979 defendant was indicted for robbery (N.J.S.A. 2A:141-1) and assault with intent to rob (N.J.S.A. 2A:90-2). He had previously been charged in a Delran Township municipal complaint with unlawful use of a motor vehicle and in a Burlington County accusation with escape. On March 2, 1979 defendant entered retraxit pleas of guilty to these latter two charges. The robbery indictment related to an offense committed the day following the plea to the earlier charges.
Defendant then escaped to Florida where on August 22, 1979 he committed another crime. He was convicted in Florida and sentenced on September 6, 1979 to three years in a Florida prison, commencing that date. New Jersey located him and lodged a detainer against him in the Florida prison in April 1980 but did not gain custody of him until September 26, 1980.
On January 12, 1981, after trial in New Jersey, defendant received a three to five-year sentence for the robbery, as well as concurrent 30-day terms on the municipal complaint and accusation. This five-year sentence was to run concurrently, but not coterminus, with the Florida sentence, commencing January 12, 1981.[1] The defendant, therefore, had served approximately one year and four months of his Florida sentence at the time the concurrent five-year New Jersey sentence commenced.
The single issue presented on this appeal is whether N.J.S.A. 2C:44-5(b)(2) applies to defendant's situation. The statute in question, effective September 1, 1979 and amended L. 1983, c. 462, § 1, effective January 12, 1984, provides, in pertinent part:
2C:44-5. Multiple sentences; concurrent and consecutive terms
....
b. Sentences of imprisonment imposed at different times. When a defendant who has previously been sentenced to imprisonment is subsequently sentenced *156 to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:
....
(2) Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served;
Defendant asserts that his situation falls squarely within the language of N.J.S.A. 2C:44-5(b)(2) and, thus, calls his sentence "illegal" because he was not given credit for the time he had already served in Florida at the time of his sentencing in New Jersey. Defendant, previously sentenced to imprisonment in Florida, was, indeed, subsequently sentenced to another term for an offense committed prior to the Florida sentence. For that reason, a superficial reading of the statutory provision gives the impression that it applies to defendant's situation, as he suggests. However, important public policy considerations, as well as indicia of a contrary legislative intent, militate against defendant's being brought within the ambit of N.J.S.A. 2C:44-5(b)(2).
This is a case of first impression. We have found no case law construing whether § 5(b)(2), or its source provision. Model Penal Code § 7.06, was intended to cover out-of-state sentences. Criminal statutes, generally speaking, are to be strictly construed, but the rule of strict construction does not mean that the "manifestations of the Legislature's intention should be disregarded." State v. Edwards, 28 N.J. 292, 298 (1959).
The statutory provision relied upon by defendant was derived from Model Penal Code § 7.06. Tentative Draft No. 2 of § 7.06 (1954) pinpointed the prisoners to be afforded the procedural safeguards of the statute. The phrase
when a person who is under sentence of imprisonment in this State is being sentenced for another crime committed prior to such former sentence [emphasis supplied]
*157 appeared in subsection (1) (now § 5(b)(2)). Again, in the Model Penal Code draft subsection (2), we find
(2) When a person is sentenced to imprisonment upon conviction of a crime that he committed while under a suspended sentence or on probation or parole for a previous crime of which he was convicted in this State [emphasis supplied]
(now subsection (c) of the current statute). When § 7.06 reached its final form, however, the phrase in subsection (1) "in this State" was eliminated. The New Jersey statute, in adopting § 7.06 verbatim, therefore, reflects that omission and we must determine whether such deletion means that out-of-state, as well as New Jersey sentences, must be included.
The language of the subsections immediately preceding and following § 5(b)(2) indicate that our Legislature contemplated only in-State sentences. Subsection (a) clearly encompassed convicts in the State of New Jersey. Reference was made to "State" penal or correctional institutions (although omitted in 1984 when the language of (a) was revised and subsection (h) was added) and "county" institutions (which language remains). Subsection (c) also indicates offenses committed "in this State." Had the Legislature intended that subsection (b), positioned between these two provisions, have broader coverage and include convictions in other jurisdictions, it most probably would have indicated such intention.
N.J.S.A. 2C:44-4, the preceding section in the chapter, provides guidance. There, when the Legislature intended to cover convictions of State crimes, it did so without reference to locale. However, when it intended to cover out-of-state convictions, it specifically did so. See N.J.S.A. 2C:44-4(c) ("prior conviction in another jurisdiction" (emphasis added)).
In addition to an analysis of language to ascertain legislative intent, in the present case it is even more important to consider the "evil" the statute was designed to prevent. Comment to Tentative Draft No. 2 of Model Penal Code § 7.06 sets forth the rationale for providing procedural safeguards for prisoners who receive sentences at different times.

*158 When sentences of imprisonment are imposed for both felony and misdemeanor, the lesser sentence is deemed satisfied by service of the sentence for the greater crime. The postponement of a felony sentence until expiration of a sentence for a misdemeanor or the release of a felon from state prison to enter a local jail are both anomalies. They are avoided by this plan.
The final version of § 7.06 was not cast in this felony/misdemeanor form, but in terms of the order of the commission of crimes and the attendant sentencing therefor. The resultant statute affords credit for time served on any offense prior to a prisoner's being sentenced for a crime committed earlier in time than the offense for which he is incarcerated. This credit, presumably, is intended to deter a prosecutor from "dragging his heels" in pursuing an indictment when he knows that an inmate is available for a final disposition of an offense.
Two situations present themselves, however, where a prosecutor may be prevented from pursuing an indictment by the acts of others and through no fault of his own. First, where an offender escapes from New Jersey "to parts unknown," as in the present case, the prosecutor is unable to move forward on an indictment. This situation differs significantly from the obviously unjust scenario the statute was designed to prevent, i.e., a prisoner in a New Jersey jail who loses his opportunity for a concurrent sentence simply because a prosecutor fails to proceed against him for an offense committed earlier. An out-of-state prisoner, however, has access to the safeguard provisions of N.J.S.A. 2A:159A-1 et seq., the "Interstate Agreement on Detainers." This differentiates him from the in-state prisoner who, if not for the provisions of § 5(b)(2) might "languish" in jail and lose his opportunity for a concurrent sentence because a prosecutor failed to move. Under the detainer statute the out-of-state prisoner can notify the New Jersey prosecutor of his whereabouts. After a detainer is lodged against him, he may then move to have the untried indictment in New Jersey resolved within 180 days after "he shall have caused to be delivered to the prosecuting officer and the appropriate court" notice of his location and his desire to have all outstanding indictments resolved. N.J.S.A. 2A:159A-3(a). *159 If the prosecutor does not resolve the indictment within 180 days, and fails to show good cause for such delay, that indictment must be dismissed. N.J.S.A. 2A:159A-3(a) and (d). There exists, therefore, ample motivation for the prosecutor to act under the "detainer" statute, without the out-of-state prisoner being afforded the benefit of credits under § 5(b)(2).
If a credit of one year and four months is required under § 5(b)(2) in the present case, that credit would necessarily include the seven month period (from 9/79 to 4/80) when the prosecutor did not know where defendant was, the five month period (from 4/80 to 9/80) when defendant was on detainer in Florida before New Jersey gained custody of him, and the four month period that New Jersey had custody of him before he was sentenced here. Applying the perceived rationale for § 5(b)(2), the credit given for the first 12 months served in Florida would be imposed to "penalize" the prosecutor for "not moving" when, indeed, he was powerless to do otherwise. Such a result could not have been intended by our Legislature. It would be against public policy to "reward" an offender for escaping from New Jersey and thereafter eluding detection.
The second "act of another" that could prevent the prosecutor from moving on an indictment against an out-of-state prisoner involves the act of the Governor of the other state. N.J.S.A. 2A:159A-4 of the "Interstate Agreement on Detainers" provides, in subsection (a), that the
Governor of the sending State may disapprove the request for temporary custody or availability, either upon his own motion or upon the motion of the prisoner.
The Governor of the sending state, therefore, may, pursuant to this statutory authority, block New Jersey's obtaining custody of a prisoner in his state. Our Legislature could not have intended to give credit for time served to a prisoner under circumstances where it might be impossible for the prosecutor to ever compel custody of that prisoner. Thus, the construction of § 5(b)(2) advanced by defendant is inconsistent with the *160 provisions of another statute enacted by our Legislature and should be rejected.
A final argument against reading § 5(b)(2) to apply to sentences in other jurisdictions arises from consideration of the case law prior to its enactment. The commentary to the "Final Report of the New Jersey Criminal Law Revision Commission" on the New Jersey Penal Code indicates that § 5(b)(2) neither departs from nor is inconsistent with the law existent in New Jersey at the time of its enactment. New Jersey Penal Code, Vol. II, commentary at 336 (1971).
R. 3:21-8, "Credit for Confinement Pending Sentence," separately provides that a defendant should receive credit for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence. State v. Council, 137 N.J. Super. 306 (App.Div. 1975) held that a credit under the rule is not available when confinement is due to service of a prior-imposed sentence. In that case, the court refused to grant credit for time served in a federal penitentiary in Indiana and a county jail in New Jersey because the detainer under which he was held did not impact adversely or add to the federal term and the transfer of temporary custody did not add any additional restriction on the defendant's freedom. Id., 137 N.J. Super. at 309. See also State v. Beatty, 128 N.J. Super. 488 (App.Div. 1975), where credit was given under the rule but only because the detainer filed by New Jersey authorities served to hold defendant in a New York jail 166 days beyond the termination of his New York sentence. Specifically, this rule only grants credits "for the particular offense or offenses for which there was confinement or detention." State v. Jones, 184 N.J. Super. 626, 629 (Law Div. 1982). See also, State v. Allen, 155 N.J. Super. 582, 584 (App.Div. 1978), certif. den. 81 N.J. 405 (1979), and the cases there cited.
In the present case, defendant seeks to overturn denial of credit under § 5(b)(2) not only for the time served in Florida, but also for the four months he spent in New Jersey awaiting *161 sentencing. That period, however, is considered as a continuation of his Florida sentence under the provisions of N.J.S.A. 2A:159A-5(f):
During the continuance of temporary custody or while the prisoner is otherwise being made available for trial as required by this agreement, time being served on the sentence shall continue to run but good time shall be earned by the prisoner only if, and to the extent that, the law and practice of the jurisdiction which imposed the sentence may allow. [Emphasis added].
The rationale for withholding credit for out-of-state sentences would also pertain to this period which by statute is to be considered part of the Florida sentence. Cf., State v. Council, supra, for a similar interpretation under R. 3:21-8.
We reject defendant's construction of N.J.S.A. 2C:44-5(b)(2) as applying to his out-of-state sentence or the time spent in New Jersey awaiting sentencing. The indicia of legislative intent are contrary to that construction and public policy considerations weigh heavily against allowing credits to out-of-state prisoners under such circumstances. Denial of defendant's application is affirmed.
NOTES
[1] The three to five-year "2A" sentence was amended on defendant's motion to a five-year "2C" sentence. It is unclear why concurrent sentences were imposed when the crime in Florida was a separate and distinct act from the New Jersey crimes.