743 A.2d 336 (2000)
327 N.J. Super. 295
STATE of New Jersey, Plaintiff-Respondent,
v.
Enrique DELA ROSA, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1999.[1]
Decided January 14, 2000.
*337 Alyssa Aiello, Assistant Deputy Public Defender, for defendant-appellant (Ivelisse Torres, Public Defender, attorney; Ms. Aiello, of counsel and on the brief).
John J. Scaliti, Assistant Prosecutor, for plaintiff-respondent (William H. Schmidt, Bergen County Prosecutor, attorney; Mr. Scaliti, of counsel and on the brief).
Before Judges STERN and STEINBERG.
The opinion of the court was delivered by
STEINBERG, J.A.D.
Defendant, Enrique Dela Rosa, appeals from the denial of his request for an award of gap-time credits pursuant to N.J.S.A. 2C:44-5(b)(2) for the three months he spent in the Bergen County jail awaiting imposition of his New Jersey sentence. We reverse.
A Bergen County Grand Jury returned Indictment No. S-1407-91 against defendant charging him with third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1). The offense that led to that indictment was committed on August 11, 1991.
Thereafter, another Bergen County Grand Jury returned Indictment No. S-500-92, again charging defendant with third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1). The offense that led to that indictment took place on November 28, 1991.
Defendant failed to appear for trial and bench warrants were issued for his arrest. While still a fugitive, defendant was arrested on July 10, 1996, in New York for distribution of a controlled dangerous substance. He entered a plea of guilty and was sentenced on October 10, 1996, to two and one-half to five years in state prison. While defendant was serving his New York sentence, New Jersey lodged a detainer against him regarding the outstanding indictments in Bergen County. He was transferred to the Bergen County jail on April 27, 1998, pursuant to the Interstate Agreement on Detainers Act, N.J.S.A. 2A:159A-1 to -15, (the I.A.D.).
On May 28, 1998, defendant entered guilty pleas on both Bergen County indictments pursuant to a plea agreement. The State indicated it would recommend to the judge that defendant receive concurrent three-year sentences on both indictments and that defendant's New Jersey sentences should also run concurrent to defendant's New York sentence. On August 26, 1998, defendant was sentenced in accordance with the agreement. At sentencing, defendant's request for an award of jail credits was denied. Defendant's argument as to what credits he claimed was not clear and it appears as if the judge considered the request to be one for an award of jail credits pursuant to R. 3:21-8. Defendant's entitlement to an award of gap-time credits pursuant to N.J.S.A. 2C:44-5(b)(2) was not specifically discussed at the sentencing hearing.
On this appeal, defendant asks that we decline to follow State v. Hugley, 198 N.J.Super. 152, 486 A.2d 900 (App.Div. 1985) and award him gap-time credits, as opposed to jail credits pursuant to R. 3:21-8, for the period of time he was in New Jersey pursuant to the I.A.D.
We agree that defendant was not entitled to credit pursuant to R. 3:21-8 for the time he was incarcerated in New Jersey *338 after being returned pursuant to the I.A.D. R. 3:21-8 only applies to confinement or detention that is attributable to the offense that leads to the sentence. State v. Black, 153 N.J. 438, 456, 710 A.2d 428 (1998); State v. Hill, 208 N.J.Super. 492, 495, 506 A.2d 373 (App.Div.), certif. denied, 104 N.J. 412, 517 A.2d 411 (1986); State v. Allen, 155 N.J.Super. 582, 585, 383 A.2d 138 (App.Div.), certif. denied, 77 N.J. 472, 391 A.2d 487 (1978). Indeed, the I.A.D. expressly provides that a defendant's sentence in the foreign jurisdiction continues to run while he is temporarily in this State awaiting disposition of an untried indictment pursuant to the I.A.D. N.J.S.A. 2A:159A-5(f). Here, defendant's detention in New Jersey was not attributable to the two New Jersey indictments. It was attributable to the sentence he was then serving in New York. Accordingly, he was not entitled to credits under R. 3:21-8. State v. Council, 137 N.J.Super. 306, 309, 349 A.2d 71 (App.Div.1975).
We next consider defendant's entitlement to gap-time credit pursuant to N.J.S.A. 2C:44-5(b)(2), which governs sentencing at different times for multiple offenses. The statute provides, in pertinent part, as follows:
b. Sentences of imprisonment imposed at different times.
When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:
* * * *
(2) Whether the court determines that the sentences shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served.
This credit is referred to as "gap-time credit" since it applies to the gap between the sentences. The credit is therefore distinguishable from the jail credits awarded under R. 3:21-8.
In order to be entitled to an award of gap-time credit a defendant must establish the following: (1) he or she has previously been sentenced to a term of imprisonment; (2) is subsequently sentenced to another term for an offense; (3) the new term of imprisonment is for an offense that was committed prior to the former sentence, other than an offense committed while in custody. If defendant establishes these conditions he is entitled to credit, as gap-time credit, for the time served on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served. N.J.S.A. 2C:44-5(b)(2). Gap-time credits do not reduce a period of parole ineligibility previously imposed. Booker v. New Jersey State Parole Bd., 136 N.J. 257, 260, 642 A.2d 984 (1994). Rather, gap-time credit is applied to the "back-end" of the sentence. Ibid. In that way, the plain language of N.J.S.A. 2C:44-5(b)(2) is effectuated since the time served on the later offense is credited to the permissible aggregate length of the term or terms remaining to be served. Id. at 260-61, 642 A.2d 984. The purpose of the gap-time provision is to provide a remedy to a defendant serving a sentence when his or her trial for another offense is delayed when the offense occurred prior to the date of the former sentence. Id. at 260, 642 A.2d 984; State v. Hall, 206 N.J.Super. 547, 550, 503 A.2d 344 (App.Div.1985).
Before us, defendant limits himself to a request for gap-time credit for the period of time he was in New Jersey pursuant to the I.A.D. awaiting disposition of the charges. Since he seeks no gap-time credit for the time actually served in New York, we express no opinion as to his entitlement to those credits. We limit ourselves to the request made by defendant.
*339 In opposition to defendant's request, the State relies upon State v. Hugley supra. There, defendant was sentenced in New Jersey while serving a Florida sentence for an offense that was committed prior to the Florida sentence. Another panel of this court denied his application for gap-time credits, concluding that "important public policy considerations, as well as indicia of a contrary legislative intent, militate against defendant's being brought within the ambit of N.J.S.A. 2C:44-5(b)(2)". Recognizing that the Model Penal Code § 7.06, upon which our gap-time credit provision is based, was expressly limited to persons who were serving a term of imprisonment "in this state", the Hugley court concluded that the elimination of the phrase "in this state" was inadvertent. The Hugley court looked to N.J.S.A. 2C:44-5(a) which immediately precedes the section in question which is limited to prisoners in this state, and N.J.S.A. 2C:44-5(c) which is limited, by its terms, to a defendant sentenced to imprisonment for an offense committed while on parole "in this state".
We respectfully disagree with that rationale. N.J.S.A. 2C:44-5(a) applies to multiple sentences imposed at the same time. Hence, it is necessarily limited to in-state sentences and is not indicative of the Legislature's intent to limit the scope of N.J.S.A. 2C:44-5(b)(2). Moreover, N.J.S.A. 2C:44-5(c) is expressly limited to a person sentenced to imprisonment to an offense committed while on parole "in this state". We consider the use of the phrase "in this state" in N.J.S.A. 2C:44-5(c), and the absence of that phrase in N.J.S.A. 2C:44-5(b)(2), to be critical. Where the Legislature has carefully employed a term in one place yet excluded it in another, it should not be implied where excluded. Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 234, 708 A.2d 401 (1998); GE Solid State v. Director, Div. of Taxation, 132 N.J. 298, 308, 625 A.2d 468 (1993); DeLisa v. County of Bergen, 326 N.J.Super. 32, 36-39, 740 A.2d 648 (App.Div.1999). This is particularly so where, as here, the Legislature failed to adopt the phrase "in this state" from the section of the Model Penal Code upon which the statute is based.
The Hugley court concluded that the Legislature never intended to award gap-time credits to a defendant who absconds to another state and his whereabouts are unknown since, in that situation, the prosecutor hardly could be accused of dilatory tactics. However, here, defendant was serving a sentence in New York; a detainer was filed against him; and proceedings could then have been instituted against him pursuant to the I.A.D. In any event, defendant merely seeks an award of gap-time credit for the time served in Bergen County while awaiting disposition of the charge. We see no reason to deny that credit to a defendant who was in New Jersey awaiting disposition of the charge, while awarding the same credit to a New Jersey inmate who otherwise qualifies for an award of gap-time credits. We disagree with the Hugley court's conclusion that the elimination of the phrase "in this state" from N.J.S.A. 2C:44-5(b)(2), as finally enacted, was inadvertent in this context. To the extent State v. Hugley, supra, is inconsistent with this opinion, we express our respectful disagreement with it.
We recognize that in Breeden v. New Jersey Dept. of Corrections, 132 N.J. 457, 465-66, 625 A.2d 1125 (1993), our Supreme Court indicated its approval of the reasoning of State v. Hugley, supra. However, the context in which that approval was noted was entirely different from the facts of this case. There, the Supreme Court was considering an application for credit on the "front-end" of the sentence, rather than an application for gap-time credit, which is applied to the "back-end" of the sentence. In other words, in Breeden, defendant had escaped while serving a custodial sentence in New Jersey, fled to California, and committed an armed robbery there. He was sentenced in California to three years of imprisonment, and the California *340 judge made that sentence "concurrent with any prior uncompleted sentence(s)". While serving that sentence in California, Breeden was returned to New Jersey for disposition of the escape charge. Pursuant to a plea agreement, he was sentenced here to a four-year sentence, and returned to California for completion of his California sentence. After his return to California to complete the service of his sentence for armed robbery, Breeden asked the California Department of Corrections to transfer him to New Jersey to serve out the unexpired term of his New Jersey sentence so that the California and New Jersey sentences would run concurrently, as the California judge intended. The California Department of Corrections offered to make Breeden available to New Jersey for the transfer. However, our Department of Corrections declined the offer of custody. After the expiration of his California sentence, upon his return to New Jersey to complete the New Jersey sentence, Breeden requested the New Jersey Department of Corrections to credit him for the time served in California. The New Jersey Department of Corrections declined his request. The Supreme Court rejected Breeden's contention that he was automatically entitled to the credit, concluding that an application must be made to the sentencing judge in New Jersey to consider, in addition to interests of comity, whether the penal purposes of the original New Jersey sentence would be fulfilled by allowing Breeden credit for time served in California, considering that California's intent was that the punishment for both offenses be concurrent. In effect, the sentencing judge was required to determine if the debt due to New Jersey was satisfied by the confinement in California or, whether, despite the concern for comity, consecutive sentencing is required to vindicate the sentencing purposes of our Code of Criminal Justice. Id. at 470-71, 625 A.2d 1125. The Supreme Court in Breeden, supra, was reviewing Hugley, supra, in the context of a consecutive-concurrent sentence determination, not in the context of a decision as to whether defendant is entitled to an award of gap-time credit for the period of time he served in New Jersey while awaiting disposition of an indictment that arose out of an offense that was committed prior to his out-of-state sentence.
Defendant also correctly points out that he was erroneously assessed a $50 penalty in favor of the Victims of Crime Compensation Board. As previously noted, the offenses for which he was convicted occurred on November 11, 1991 and November 28, 1991. At that time, the appropriate assessment for the offense was $30. The assessment was increased to $50, effective December 23, 1991. L. 1991, c. 329, § 3. The application of the increased mandatory penalty provisions to an offense that occurred prior to the amendment is constitutionally barred by the prohibition of ex post facto legislation found in both the Federal and State Constitutions. State v. Chapman, 187 N.J.Super. 474, 477, 455 A.2d 514 (App.Div.1982).
With the exception of the denial of gap-time credits and the imposition of $50 Victims of Crime Compensation Board assessments, the judgments of conviction are affirmed. We remand for the correction of the judgments of conviction to reflect an award of gap-time credits for the time spent in New Jersey, and to reflect the appropriate Victims of Crime Compensation Board assessments. We do not retain jurisdiction.
NOTES
[1] This case was originally argued on the Oral Argument Sentencing Calendar of September 15, 1999. On that date, we permitted the filing of briefs on the issue discussed herein.