785 A.2d 465 (2001)
345 N.J. Super. 424
David MEYER, Plaintiff-Appellant,
v.
NEW JERSEY STATE PAROLE BOARD, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued October 22, 2001.
Decided December 5, 2001.
*466 J. Michael Blake, Assistant Deputy Public Defender, argued the cause for appellant (Ivelisse Torres, Public Defender, attorney; Mr. Blake, of counsel and on the brief).
Gregory A. Spellmeyer, Deputy Attorney General, argued the cause for respondent (John J. Farmer, Jr., Attorney General, attorney; Michael J. Haas, Assistant Attorney General, of counsel; Mr. Spellmeyer, on the brief).
Before Judges PETRELLA,[1] STEINBERG and ALLEY.
The opinion of the court was delivered by STEINBERG, J.A.D.
This appeal implicates the interplay of an award of gap-time credit pursuant to N.J.S.A. 2C:44-5(b)(2) and the eighty-five percent period of parole ineligibility mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2 (NERA). David Meyer is currently serving a twelve-year sentence of incarceration imposed as a result of his conviction for first-degree robbery.[2] Because Meyer's conviction for first-degree robbery was considered to be a violent crime for purposes of NERA,[3] the judge also directed that he serve eighty-five percent of the sentence without parole. In addition, the judge awarded Meyer 322 days of gap-time credit. The New Jersey State Parole Board (Board) denied his application to apply the gap-time credit to reduce the eighty-five percent parole ineligibility term. Meyer appeals that determination.[4]
On this appeal, Meyer contends that the Board's refusal to apply the gaptime *467 credit to the period of parole ineligibility mandated by NERA renders the credit meaningless. He asserts that this is in violation of the statute and is also inconsistent with Booker v. New Jersey State Parole Board, 136 N.J. 257, 642 A.2d 984 (1994). We reject those contentions.
The statutory requirement for gap-time credit is found in N.J.S.A. 2C:44-5(b)(2), which provides as follows:
When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:
(2) Whether the court determines that the term shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served.
The statute governs sentencing at different times for multiple offenses and
requires that a defendant who has been sentenced to imprisonment and is subsequently sentenced to another term for an offense committed prior to the imposition of the former sentence (other than an offense committed while in custody) be "credited" at the time of the second sentence for so much of the term of imprisonment as the defendant has served on the prior sentence.
[Booker, supra, 136 N.J. at 259, 642 A.2d 984.]
The term "gap-time credit" is used because the credit applies to the gap between the sentences. Richardson v. Nickolopoulos, 110 N.J. 241, 242, 540 A.2d 1246 (1988). It is not to be confused with the credit awarded pursuant to R. 3:21-8, commonly referred to as jail credit, which is awarded for any time served in custody in jail or in a state hospital between arrests and the imposition of sentence. Ibid.
While at first blush, the gap-time statute appears relatively simple and straightforward, its application is not as simple and straightforward as what might first appear. Our Supreme Court noted the gaptime statute's internal inconsistencies, as well as the substantial difficulties that have been encountered in its application. Booker, supra, 136 N.J. at 267, 642 A.2d 984. The statute has been referred to as "a judicial nightmare." State v. Guaman, 271 N.J.Super. 130, 135, 638 A.2d 162 (App. Div.1994). Indeed, we have also referred to gap-time credit as "a riddle wrapped in a mystery inside an enigma." State v. Edwards, 263 N.J.Super. 256, 262, 622 A.2d 919 (App.Div.1993). In any event, the gap-time statute remains in effect, and we will endeavor to apply it consistent with the legislative intent and previous judicial decisions.
In Richardson, the Court declined to reduce a period of parole ineligibility imposed on a subsequent sentence which was to run consecutively to the sentence Richardson was then serving by the amount of gap time he was awarded on the subsequent sentence. Richardson, supra, 110 N.J. at 254-55, 540 A.2d 1246. Instead, the Court held that gap-time credit is applied to the back end of the aggregated sentences, rather than the front end.[5]See ibid. Stated another way, the sentences are aggregated, and the aggregate length of the sentences is reduced by the gap time. For example, if, hypothetically, a defendant serving a flat three-year sentence *468 was subsequently sentenced to a flat five-year sentence and was awarded one year of gap time, his sentences would be aggregated to a term of eight years, but then reduced to an aggregate amount of seven years by virtue of the award of one year gap-time credit. That interpretation effectuates "the plain language of the statute, which requires time served on the later offense to be credited to the permissible aggregate length of the term or terms remaining to be served." Booker, supra, 136 N.J. at 261, 642 A.2d 984. The Parole Board must then "compute defendant's parole eligibility date on the basis of the reduced aggregate sentence." Id. at 265, 642 A.2d 984 (citation omitted). In Booker, the Supreme Court rejected defendant's contention that his gap-time credit should reduce his period of parole ineligibility imposed on a subsequent, concurrent sentence. Id. at 263, 642 A.2d 984.
N.J.S.A. 30:4-123.51(a) provides, in pertinent part, that an inmate sentenced to a term of incarceration for a specific term of years at the State Prison "shall become primarily eligible for parole after having served any judicial or statutory mandatory minimum term, or one-third of the sentence imposed where no mandatory minimum term has been imposed less commutation time for good behavior ... and credits for diligent application to work in other institutional assignments...." In addition, commutation and work credits do not reduce a period of parole ineligibility and are only awarded subsequent to the expiration of that period. Ibid. The statute sets forth what is commonly referred to as the "primary eligibility date."
In what it considered to be a close decision, the Supreme Court held that gaptime credits may advance the primary eligibility date, indicating that "if we are to give any meaning at all to the provision, it must involve some reduction of the cumulative period of time to be serveda limit on the maximum term of imprisonment that can be imposed at sentencing." Booker, supra, 136 N.J. at 265, 642 A.2d 984. Thus, once credits have been awarded by the sentencing judge, the Board "must compute defendant's parole eligibility date on the basis of the reduced aggregate sentence." Ibid. (citation omitted). For example, by way of illustration, in the hypothetical example previously given, after the gap time is awarded, effectively reducing the aggregate sentence from eight years to seven years, the Board must compute defendant's parole eligibility date on the basis of the reduced aggregate sentence of seven years. In effect, that determination reduces the primary eligibility date by one-third of the gap-time credit.
The Court also noted that "[i]f gap-time credits do not affect prisoners' parole-eligibility dates, we would truly have what the Public Defender calls `bogus credits,' a calculation without any effect." Id. at 267, 642 A.2d 984. Seizing on that language, Meyer argues that if gap-time credits do not reduce the period of parole ineligibility mandated by NERA, they will be reduced to "bogus credits." Specifically, he contends that a NERA sentence involving a mandated period of parole ineligibility of eighty-five percent of the base term will ordinarily result in an immediate release when the term is reduced by the application of commutation credit and work credit. Thus, he contends that the front-end of the sentence has become the back-end of the sentence and, if he is not awarded gaptime credit against the period of parole ineligibility, those credits will have been rendered meaningless or "bogus." We reject that contention.
The construction urged by Meyer conflicts with the plain language of the statute that requires that the inmate "be credited with time served ... on the prior sentence in determining the permissible aggregate length of the term or terms remaining to *469 be served."[6]N.J.S.A. 2C:44-5(b)(2); accord Richardson, supra, 110 N.J. at 245, 540 A.2d 1246. In addition, the construction urged by Meyer conflicts with Booker and Richardson insofar as those cases hold that a judicially imposed period of parole ineligibility, pursuant to statute or discretion, is not reduced by gap time. See Booker, supra, 136 N.J. at 263, 642 A.2d 984; Richardson, supra, 110 N.J. at 254-55, 540 A.2d 1246. In our view, the Legislature has spoken in clear and unambiguous terms that a person convicted of a NERA offense must serve eighty-five percent of the sentence imposed before becoming eligible for release. To adopt Meyer's argument would be inconsistent with that clear legislative intent.
We recognize that the general purpose of gap time "is to avoid the manipulation of trial dates to the disadvantage of defendants and to put defendants in the same position that they would have been `had the two offenses been tried at the same time.'" Booker, supra, 136 N.J. at 260, 642 A.2d 984 (quoting Model Penal Code § 7.06 cmt., at 278 (1962)). However, not all delay is caused by dilatory tactics of the prosecution. Unavailability of court or counsel are some of the causes of delay. On occasion, defense strategy or the availability of defense counsel or witnesses dictates the order of dispositions. Richardson, supra, 110 N.J. at 251, 540 A.2d 1246. Sentencing flexibility allows sentencing judges sufficient discretion to make necessary adjustments to protect defendants in the event of prosecutorial delay.
Affirmed.
NOTES
[1] Although Judge Petrella did not participate in oral argument, with the consent of the parties, he has been added to the panel for the disposition of this appeal.
[2] He was given concurrent sentences for other offenses.
[3] We previously affirmed NERA's applicability under the facts of this case. State v. Meyer, 327 N.J.Super. 50, 742 A.2d 614 (App.Div. 2000), certif. denied, 164 N.J. 191, 752 A.2d 1292 (2000).
[4] In his initial letter to the Board, Meyer's attorney posed a general inquiry as to how the 322 days of gap-time credit would be applied. He asked whether it would be deducted from the period of parole ineligibility or from the additional five years of parole supervision required by NERA. The Board, in response, stated that the gap-time credit would not be applied to reduce the period of parole ineligibility. The Board also noted that the judgment of conviction did not include the imposition of the mandatory, fiveyear period of parole supervision. Thus, the Board indicated it would seek clarification from the sentencing court. We cannot determine from the record whether the sentencing judge clarified the judgment of conviction in that respect. In any event, in his letter, then Chairman of the Board, Andrew B. Consovoy, stated that during the period of parole supervision, if one was imposed by the judge, Meyer would be in the legal custody of the Commissioner of the Department of Corrections (Commissioner). Thus, he directed counsel to the Commissioner for a determination as to whether gap time would be applied to reduce the period of parole supervision. Ultimately, the Commissioner, through his designee, advised Meyer's attorney that "there is no provision for `gap-time' credit to the additional five years parole supervision." The Commissioner, through his designee, also stated: "The matter of the parole supervision and the calculation of our parole issues do not fall under the jurisdiction" of the Commissioner. The question of whether gap-time credit may be applied to reduce the period of parole supervision is not raised on this appeal, and we express no opinion regarding that question.
[5] On the other hand, jail credit awarded pursuant to R. 3:21-8 comes off the front of the sentence. See Booker v. New Jersey State Parole Bd., 265 N.J.Super. 191, 207, 625 A.2d 1153 (App.Div.1993), aff'd, 136 N.J. 257, 642 A.2d 984 (1994).
[6] In addition, Meyer overlooks the fact that commutation credit may be forfeited if a prisoner has been guilty of flagrant misconduct. N.J.S.A. 30:4-140.