786 A.2d 151

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT/CROSS–
APPELLANT, v. THOMAS L. MCINTOSH, DEFENDANT–
APPELLANT/CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 13, 2001—Decided December 17, 2001.

Before Judges KESTIN, STEINBERG, and ALLEY.

*Peter A. Garcia*, Acting Public Defender, attorney for appellant/cross–respondent (*Ruth Bove Carlucci*, Assistant Deputy Public Defender, of counsel and on the brief).

*John J. Farmer, Jr.*, Attorney General, attorney for respondent/cross–appellant (*Robert E. Bonpietro*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

STEINBERG, J.A.D.

This appeal and cross-appeal involve the application of gap-time credit, pursuant to *N.J.S.A.* 2C:44–5(b)(2). A Salem County grand jury returned Indictment No. 92–1–63, charging defendant with second-degree robbery, *N.J.S.A.* 2C:15–1. Defendant was arrested for the offense on January 4, 1992, and released on January 24, 1992. He entered a plea of not guilty to the indictment. However, he failed to appear for trial on September 27, 1993 and a bench warrant issued for his arrest.

In June 2000, the Salem County Prosecutor's Office discovered that defendant was incarcerated in Pennsylvania. Accordingly, on June 16, 2000, it lodged a detainer against defendant. On June 21, 2000, defendant was sentenced to a term of imprisonment in Pennsylvania. On October 20, 2000, pursuant to the Interstate Agreement on Detainers Act (IAD), *N.J.S.A.* 2A:159A–1 to –15, defendant waived extradition and consented to be brought to New Jersey for that purpose. On November 3, 2000, the prosecutor accepted defendant's offer of temporary custody for that purpose.

Defendant was brought to New Jersey, assigned counsel, and negotiated a plea agreement calling for him to enter a plea of guilty to an amended charge of third-degree attempted theft by unlawful taking. *N.J.S.A.* 2C:5–1, :20–3(a). In return, defendant was to be sentenced to three years in New Jersey State Prison to run concurrent to his Pennsylvania sentence.

On February 15, 2001, defendant was sentenced in accordance with the plea agreement. Pursuant to *R.* 3:21–8, defendant was granted forty-six days of jail credit. He was also awarded sixty-five days of gap-time credit, from December 13, 2000 (the date of his return to New Jersey) through the date of sentence.

On this appeal, defendant contends that the judge erred in limiting the award of gap-time credit to the time served in New Jersey awaiting disposition of the charge. Defendant contends that he should be awarded gap-time credit from the time he began serving his Pennsylvania sentence or, alternatively, from the time he sought relief under the IAD. In its cross-appeal, the State contends that as a fugitive and an out-of-state prisoner, defendant was not entitled to any gap-time credit, even after he reached New Jersey for disposition of the charge.

█ A defendant who has previously been sentenced to a term of imprisonment, and is subsequently sentenced to another term of imprisonment for an offense committed prior to the imposition of the former sentence, is entitled to credit for so much of the term of imprisonment as the defendant has served on the prior sen-

tence. *N.J.S.A.* 2C:44-5(b)(2); *Booker v. New Jersey State Parole Bd.,* 136 *N.J.* 257, 259, 642 *A.*2d 984 (1994). This is referred to as gap-time credit. The term is used because the credit applies to the gap between the two sentences. *Richardson v. Nickolopoulos,* 110 *N.J.* 241, 242, 540 *A.*2d 1246 (1988). Gap-time credit comes off the back-end of the sentence, not the front-end. *Id.* at 254-55, 540 *A.*2d 1246; *Meyer v. New Jersey State Parole Board,* 345 *N.J.Super.* 424, 427-30, 785 *A.*2d465 (App.Div.2001).

Here, defendant, a Pennsylvania inmate, was sentenced in Salem County for an offense that occurred prior to the Pennsylvania sentence. Thus, ordinarily, he would be entitled to an award of gap-time credit, *N.J.S.A.* 2C:44-5(b)(2), unless he is denied that credit because of his fugitive status. There are two conflicting opinions regarding the question of whether a defendant who became a fugitive after charges had been filed against him in New Jersey is entitled to an award of gap-time credit if he is subsequently apprehended and disposes of the charge after receiving a sentence of imprisonment in another state. In *State v. Hugley,* 198 *N.J.Super.* 152, 158-61, 486 *A.*2d 900 (App.Div.1985), this court held that a defendant who absconds is not entitled to an award of gap-time credit for either the period of time served in another state on a sentence, or the time spent in New Jersey awaiting disposition of the charge.

On the other hand, in *State v. Dela Rosa,* 327 *N.J.Super.* 295, 300-01, 743 *A.*2d 336 (App.Div.), *certif. denied,* 164 *N.J.* 191, 752 *A.*2d 1293 (2000), another panel of this court disagreed with *Hugley* and held that defendant was entitled to an award of gap-time credit for the time served in New Jersey after his return under the IAD while awaiting disposition of the charge. The *Dela Rosa* court noted that it perceived "no reason to deny that credit to a defendant who was in New Jersey awaiting disposition of the charge, while awarding the same credit to a New Jersey inmate who otherwise qualifies for an award of gap-time credit." *Id.* at 301, 743 *A.*2d 336. We choose to follow *Dela Rosa.* Once defendant arrived in New Jersey, he assumed the same status as any defendant awaiting disposition of the charge and, therefore, was

entitled to the same benefits and protections.[1] Thus, we conclude that the judge correctly granted defendant gap-time credit from the time he reached New Jersey until the date of sentence.

Finally, we consider defendant's contention that he is entitled to an award of gap-time credit from the time of his sentence in Pennsylvania or, alternatively, from the time he sought relief under the IAD. We reject those contentions. To be sure, in *Dela Rosa*, we noted that defendant limited himself to a request for gap-time credit for the period of time he was in New Jersey pursuant to the IAD awaiting disposition of the charges. *Id.*, 327 *N.J.Super.* at 300, 743 *A.2d* 336. We further noted that because defendant sought no gap-time credit for the time actually served in New York, we expressed no opinion as to his entitlement to that credit.

Seizing upon that observation, defendant contends that there is no sound policy reason for denying credit for gap-time from the date it can be shown that New Jersey knew where he was located given that the State could have instituted proceedings under the IAD. We reject that contention. Although the state in which an untried charge is pending is entitled to request temporary custody of an inmate incarcerated in another state, the Governor of the sending state may disapprove the request for temporary custody, either upon his own motion or upon motion of the prisoner. *N.J.S.A.* 2A:159A–4(a). Thus, the requesting state is not entitled to receive custody of the inmate simply because it makes a request. Moreover, there is obviously a time interval between the time the request is made and the time custody is actually obtained.

We recognize that the general purpose of gap-time is to protect a defendant against dilatory tactics by the prosecution. *Booker, supra,* 136 *N.J.* at 260, 642 *A.2d* 984; *Meyer, supra,* 345 *N.J.Super.* at 430, 785 *A.2d* 465. However, not all delay is caused by

---

[1] We note that the issue is presently pending before the Supreme Court. *State v. Carreker,* No. A–6592–98, slip op. (App.Div. Jan. 9), *certif. granted,* 168 *N.J.* 290, 773 *A.2d* 1153 (2001).

dilatory tactics of the prosecution. Indeed, here, the major reason for delay in the disposition of the indictment was the fact that defendant had absconded. Defendant's incarceration in another state made it more difficult to obtain his presence in New Jersey. However, a defendant incarcerated in another state is not without a remedy. A defendant serving a sentence in another state may deliver to the prosecuting officer and "the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and [a] request for a final disposition to be made" of the charge against him for which a detainer had been lodged. *N.J.S.A.* 2A:159A-3(a). Once the request is made, the prisoner must be brought to trial within 180 days thereafter, or the indictment shall be dismissed unless, for good cause shown, the court having jurisdiction grants "any necessary or reasonable continuance." *Ibid.*

We believe the safeguard available to an inmate under the IAD to request disposition of the indictment, and the time constraint set forth therein, is adequate protection to defendant. Thus, we decline to extend the holding of *Dela Rosa* and conclude that the judge did not err in denying the request for further credit.

Affirmed on both the appeal and cross-appeal.