876 A.2d 309

ROBERTO SALVADOR, APPELLANT, v. DEPARTMENT
OF CORRECTIONS, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 8, 2005—Decided June 22, 2005.

Before Judges NEWMAN, AXELRAD and BILDER.

*Roberto Salvador,* appellant pro se.

*Peter C. Harvey,* Attorney General, attorney for respondent (*Patrick DeAlmeida,* Assistant Attorney General, of counsel; *Lisa A. Puglisi,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

NEWMAN, P.J.A.D.

This is an appeal by Roberto Salvador, an inmate at East Jersey State Prison, serving a prison term with an eighty-five percent mandatory minimum pursuant to the No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2(c), from the denial by the Department of Corrections of his application to have commutation and work credits which, because of the minimum term, cannot be credited to reduce his period of incarceration, awarded instead to reduce his parole period and/or to form a basis for monetary compensation.

On December 17, 1999 Salvador, having pled guilty to a charge of robbery, *N.J.S.A.* 2C:15–1, was sentenced to a term of ten years with a NERA minimum of eight years, six months and two days and a five year term of parole supervision upon release. He received ninety-two days jail credit.[1]

In accordance with its normal practice, the Department of Corrections calculated and gave Salvador 966 days of commutation

---

[1] The judgment of conviction recites ninety-one days but the Department of Corrections has credited Salvador with ninety-two days for time spent in custody prior to sentencing.

credits to which he would be entitled on his ten year sentence. In addition he has earned 220 days of work credits. Because of the minimum term, these credits cannot reduce his period of incarceration below the eight years, six months and two days. Salvador's mandatory minimum term expires on March 18, 2008.

■ Here, Salvador does not request a reduction of his mandatory eighty-five percent minimum term under NERA. Nor can he do so under our prior decision. *See Meyer v. New Jersey State Parole Bd.,* 345 *N.J.Super.* 424, 430, 785 *A.2d* 465 (App.Div.2001), *certif. denied,* 171 *N.J.* 339, 793 *A.2d* 717 (2002) (holding that the clear and unambiguous mandate of the Legislature requires a person convicted of NERA offense to serve the eighty-five percent of the sentence imposed before becoming eligible for release). However, in *Meyer* we left open the question of whether any credit awarded to an inmate can be applied to reduce a period of parole supervision. We are now called upon to address that issue.

■ *N.J.S.A.* 2C:43–7.2(c) unequivocally states that

[A] court imposing a minimum period of parole ineligibility of 85 percent of the sentence pursuant to this section *shall also impose a five-year term of parole supervision* if the defendant is being sentenced for a crime of the first degree, or a three-year term of parole supervision if the defendant is being sentenced for a crime of the second degree.

[ (Emphasis added) ].

Comparable to the eighty-five percent mandatory parole ineligibility requirement, NERA offenders are subject to a mandatory five-year period of parole supervision. We repeat our position stated in Meyer, *supra.* In our view, the Legislature has spoken in clear and unambiguous terms that a person convicted of a NERA offense must serve a five-year term of parole supervision. To adopt Salvador's view would be inconsistent with that clear legislative intent.

Salvador cites *State v. Freudenberger,* 358 *N.J.Super.* 162, 817 *A.2d* 371 (App.Div.2003) for the implicit proposition that credits earned by inmates may be applied towards the period of parole supervision. Not so. Specifically, Salvador points to our statement that "[m]ost NERA inmates will accumulate sufficient cred-

its to 'max out' and be released immediately upon completion of their 85 parole bar." *Id.* at 169, 817 *A.*2d 371. This continues to be true. Commutation credits earned by inmates can be applied towards the remaining fifteen percent of their sentence. Thereafter they are released from incarceration. However, pursuant to *N.J.S.A.* 2C:43–7.2(c), defendant remains in "release status in the community in the legal custody of Commissioner of the Department of Corrections and shall be supervised by the State Parole Board" for the mandatory five-year term. *Freudenberger* does not lend any support to the reduction of the mandatory period of parole supervision.

We recognize the incongruity between receiving commutation credits and the mandatory sentences of NERA. However, it is beyond our authority to provide a remedy in this situation. We must presume that the Legislature is familiar with its own enactments and consequences. *State v. Austin,* 335 *N.J.Super.* 486, 491, 762 *A.*2d 1052 (App.Div.2000), *certif. denied,* 168 *N.J.* 294, 773 *A.*2d 1157 (2001). As such, we are bound by the legislative enactment and must deny defendant's request to reduce his term of parole supervision by his commutation credit.

█ With respect to the work credits, Salvador's claim is premature. "[C]ommutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits accrued shall only be awarded *subsequent to the expiration of the term.*" *N.J.S.A.* 30:4–123.51(a) (emphasis added). The work credits will be awarded at the expiration of his mandatory minimum term. At that time he may be entitled to payment for work he performs for which he does not receive the benefit of remission of his sentence. *N.J.S.A.* 30:4–92.

Affirmed.