NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0397-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PAULINO NJANGO, a/k/a
PAULINO NIANGO, and
PAULINO ERNESTO
NJANGO,

     Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

March 5, 2020

APPELLATE DIVISION

Submitted February 24, 2020 – Decided March 5, 2020

Before Judges Sabatino, Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 06-11-3542 and 07-09-3244.

Joseph E. Krakora, Public Defender, attorney for appellant (Cody Tyler Mason, Assistant Deputy Public Defender, of counsel and on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

The opinion of the court was delivered by

GEIGER, J.A.D.

This appeal presents the unresolved issue whether prior service credits may be applied to reduce the mandatory period of parole supervision under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. For the following reasons we hold they may not.

This is the fourth appeal arising from defendant Paulino Njango's convictions and sentences on two indictments relating to crimes committed in 2006 and 2007. In order to understand the issues raised on appeal, we recount the pertinent procedural history.

In November 2006, an Essex County Grand Jury returned Indictment No. 06-11-3542 charging defendant with crimes stemming from a June 23, 2006 incident involving his then mother-in-law, Lydia Lorenzo. The indictment charged defendant with first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); second-degree burglary, N.J.S.A. 2C:18-2; third-degree terroristic threats, N.J.S.A. 2C:12-3(a); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C: 39-4(d).

In September 2007, an Essex County Grand Jury returned Indictment No. 07-09-3244, charging defendant with various crimes stemming from a May 23, 2007 incident involving his then estranged wife, Jennie Rosario, that occurred within one month of defendant's release on bail on the first indictment. The indictment charged defendant with first-degree kidnapping, N.J.S.A. 2C:13-1(b); first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree terroristic threats, N.J.S.A. 2C:12-3(a); and related weapons charges.

On September 24, 2007, defendant entered a plea of guilty, pursuant to a plea agreement, to the charges of kidnapping, attempted murder, burglary, and unlawful possession of a weapon under Indictment 06-11-3542, and to the charges of attempted murder, unlawful possession of a weapon, and terroristic threats under Indictment 07-09-3244. In return, the State agreed to recommend an aggregate term of incarceration of eighteen years, subject to the eighty-five percent period of parole ineligibility and mandatory period of parole supervision imposed by NERA. Defendant was sentenced in accordance with the plea agreement on November 30, 2007. He did not file a direct appeal from his conviction or sentence.

3

Defendant subsequently filed a petition for post-conviction relief (PCR) claiming he was under the influence of prescription medication at the time of the plea, his counsel was ineffective because he misled defendant about the terms of the plea, and his counsel failed to adequately inform defendant about "potential defenses" of insanity, N.J.S.A. 2C:4-1, or diminished capacity, N.J.S.A. 2C:4-2. The petition was denied without an evidentiary hearing on May 24, 2010. Defendant appealed. We reversed and remanded for an evidentiary hearing to determine if defendant's plea was knowing, intelligent, and voluntary. State v. Njango, Docket No. A-0073-10 (App. Div. Aug. 6, 2013). Following an evidentiary hearing, the remand court denied defendant's PCR petition in its entirety. Defendant again appealed.

While the appeal of the denial of his PCR petition was pending, defendant filed a pro se motion to correct an illegal sentence under N.J.S.A. 2C:44-5(h). The trial court denied the motion. A few weeks later, defendant filed a similar motion to correct an illegal sentence under N.J.S.A. 2C:44-5.1. The court also denied that motion. Defendant appealed the denial of both motions.

On appeal, defendant contended his sentences were illegal under N.J.S.A. 2C:44-5(h) and 2C:44-5.1. Specifically, defendant noted

> he pled guilty to offenses in the 2007 indictment
> committed while on bail for crimes charged in the 2006

indictment and N.J.S.A. 2C:44-5(h) mandates that sentences for crimes committed while on bail must be consecutive unless the trial court makes a "serious injustice finding in consideration of the character and condition of the defendant that would override a need to deter." As the trial court did not make such a finding, defendant contends that his sentence does not comply with the law and must be vacated. Additionally, defendant argues that N.J.S.A. 2C:44-5.1 requires a mandatory extended term where, as here, crimes were committed while defendant was out on bail.

[State v. Njango, Docket No. A-1400-12 (App. Div. Apr. 14, 2015) (slip op. at 2).]

We reversed and remanded for further proceedings to "address the condition under which concurrent sentences may be given for crimes committed on bail under N.J.S.A. 2C:44-5(h)." Id. at 4. Because the offenses in the second indictment occurred while defendant was on bail from the first indictment, there must be consecutive terms imposed if convicted and sentenced on both indictments "unless the court, in consideration of the character and conditions of the defendant, finds that imposition of consecutive sentences would be a serious injustice which overrides the need to deter such conduct by others." N.J.S.A. 2C:44-5(h). Therefore, "[i]f the court cannot justify a concurrent sentence in compliance with the statute, then the plea, which was based upon concurrent sentences, must be vacated and the charges reinstated." Njango, slip op. at 4 (citing State v. Moore, 377 N.J. Super. 445, 452 (App. Div. 2005)).

On remand, the trial court did not address the reasons it imposed concurrent sentences because a successor plea agreement was reached on August 19, 2015. On the first indictment, defendant pled guilty to first-degree attempted murder; second-degree burglary; and fourth-degree possession of a weapon, in return for the State's recommendation for imposition of a ten-year NERA term. On the second indictment, defendant pled guilty to second-degree aggravated assault; fourth-degree unlawful possession of a weapon; and third-degree terroristic threats, in return for the State's recommendation for imposition of a consecutive eight-year NERA term. At resentencing, the court accepted the sentencing recommendations but denied defendant's motion seeking application of prior service credits to both consecutive sentences for the time he served when the sentences ran concurrently. The court only awarded the time served of 2619 days (approximately seven-and-a-half years) under the concurrent sentences to the first of the consecutive sentences imposed. Defendant appealed.

We concluded that failing to award defendant prior service credit from the two vacated concurrent sentences to both consecutive terms violated defendant's Fifth Amendment rights. State v. Njango, Docket No. A-3004-15 (App. Div. Feb. 1, 2017) (slip op. at 3). Accordingly, we reversed and remanded for the "entry of an amended judgment of conviction awarding defendant full service

6

credits on both indictments." Id. at 4. The Supreme Court denied the State's petition for certification, State v. Njango, 230 N.J. 363 (2017), and the State's motion for reconsideration.

Defendant asserts he was released from prison on May 10, 2017, after applying the 660 days of jail credit on the first indictment and 2692 days of prior service credits on both indictments. Due to the inherent passage of time that elapsed while three appeals and remand proceedings were pending, defendant spent more than one year longer in prison than he should have due to the sentencing court's misapplication of the prior service credits. This resulted in defendant remaining in prison beyond the correct initial parole eligibility and max-out dates. Defendant is still serving the parole supervision mandated by NERA.

Defendant filed a second petition for PCR. He claimed the court's failure to award him prior service credits on the second indictment violated the terms of his plea agreement and his expectations. As a remedy, defendant argued a credit for the extra time he served in prison should be applied against his period of parole supervision. In the alternative, he sought to withdraw from his plea agreement.

The PCR court issued an August 6, 2018 order and oral decision denying the petition without an evidentiary hearing. It stated that although the extra time defendant spent in custody was "unfortunate," it is "not time that can be given back." The court concluded the prior service credit error did not "undermine the plea agreement," noting that "neither the Appellate Court nor the Trial Court found that there was any violation of the terms of the plea agreement." The court determined that setting aside the plea agreement "doesn't solve any problem." The court held that it could not grant any relief to defendant because the sentence was not illegal. This appeal followed.

Defendant raises the following point:

> DEFENDANT'S SENTENCE IS ILLEGAL AND THE TERMS AND EXPECTATIONS FOR HIS PLEA WERE NOT MET BECAUSE HE WAS INCARCERATED AND DENIED PAROLE ELIGIBILITY FOR LONGER THAN THE SENTENCE AND PLEA PERMITTED. THE MATTER SHOULD BE REMANDED FOR THE PARTIES TO CRAFT AN APPROPRIATE REMEDY OR TO ALLOW DEFENDANT TO WITHDRAW HIS PLEA.

In a pro se supplemental brief, defendant raises the following additional point:

> DEFENDANT IS ENTITLED TO HAVE PLEA ENFORCED BY APPLYING PRIOR SERVICE CREDITS AND ADDITIONAL [ONE] YEAR [SEVEN] MONTHS UNLAWFULLY CONFINED TO HIS PAROLE AS A REMEDY.

Although it acknowledges that defendant spent more time in prison because of the failure to award him the prior service credits on both indictments, the State opposes crediting the extra time against the mandatory parole supervision mandated by NERA. It also opposes allowing defendant to withdraw from his guilty plea.

We are guided by certain well-established legal principles. When sentencing a defendant on a NERA offense, in addition to imposing the required eighty-five percent period of parole ineligibility, the trial court must also impose a five-year term of parole supervision for a first-degree crime, or a three-year term of parole supervision for a second-degree crime, which

> shall commence upon the completion of the sentence of incarceration imposed by the court pursuant to [N.J.S.A. 2C:43-7.2(a)] unless the defendant is serving a sentence of incarceration for another crime at the time he completes the sentence of incarceration imposed pursuant to [N.J.S.A. 2C:43-7.2(a)], in which case the term of parole supervision shall commence immediately upon the defendant's release from incarceration.
>
> [N.J.S.A. 2C:43-7.2(c).]

In State v. Friedman, the Court noted the Legislature's objective in requiring mandatory parole supervision for NERA offenses was "to protect the public from the risk posed by the release of violent offenders from

incarceration."[1]  209 N.J. 102, 120 (2012).  The Court held that periods of mandatory parole supervision on consecutive NERA sentences likewise run consecutively.  Ibid.  The Court found that running such mandatory parole supervision consecutively was "more consonant with the Legislature's objective" in enacting NERA.  Ibid.

The sentencing and parole supervision requirements imposed by NERA are mandatory.  State v. Ramsey, 415 N.J. Super. 257, 271-72 (App. Div. 2010); State v. Kearns, 393 N.J. Super. 107, 113 (App. Div. 2007).  Failure to impose the statutory period of parole ineligibility and parole supervision renders the sentence illegal.  Kearns, 393 N.J. Super. at 113.

Parole is fundamentally different than imprisonment.  NERA drastically changed parole requirements, imposing an eighty-five percent period of parole ineligibility for certain first and second-degree crimes.  Cannel, N.J. Criminal Code Annotated, cmt. 3 on N.J.S.A. 2C:43-7.2 (2019).  "In addition, [eighty-

---

[1]  In reaching this conclusion, the Court noted that the Report of the Study Commission on Parole (1996) "expressed its concern that the fifteen percent that remained of the original custodial term following the release of an inmate sentenced pursuant to NERA might not be an adequate deterrent to prevent the offender from returning to violent crime.  It thus stressed the need for post-release monitoring and supervision."  Friedman, 209 N.J. at 119.  "After this potential problem was recognized, the bill was amended to provide for mandatory fixed periods of parole supervision for NERA offenders."  Id. at 119-20.

five percent] of the maximum sentence imposed usually will be more than the sentence reduced by credits." Ibid. For that reason, the Legislature imposed the mandatory parole supervision period required by N.J.S.A. 2C:43-7.2(c). Ibid. "This provision . . . is 'unique and radically different' from the general parole statute, N.J.S.A. 30:4-123.45 to .95." Friedman, 209 N.J. at 116 (citation omitted).

As we explained in Salvador v. Dep't of Corrections, "the Legislature has spoken in clear and unambiguous terms that a person convicted of a NERA offense must serve a five-year term of parole supervision." 378 N.J. Super. 467, 469 (App. Div. 2005). NERA imposes "mandatory fixed periods of parole supervision." Friedman, 209 N.J. at 119-20. Accordingly, credits earned by inmates may not be applied towards the period of parole supervision. Salvador, 378 N.J. Super. at 469.

If a defendant violates a condition of a term of parole supervision under NERA, he or she "may be returned to custody not only for the balance of the original custodial term, but for the remaining length of the parole supervisory period." Friedman, 209 N.J. at 116; see also N.J.S.A. 30:4-123.51b(a). This can result in the defendant remaining imprisoned beyond the completion of the underlying prison term. Cannel, cmt. 3 on N.J.S.A. 2C:43-7.2.

We conclude that mandatory periods of parole supervision imposed under NERA cannot be reduced by prior service credits, even where the defendant was imprisoned longer than he should have been due to a failure to properly award such credit. Defendant cannot trade unused prior service credit for mandatory parole supervision time on a NERA offense. To rule otherwise would be contrary to the Legislature's purpose in enacting the mandatory parole supervisory period.

We are also convinced that defendant should not be permitted, at this late date, to withdraw from his guilty plea. Defendant did not move to withdraw his plea when the sentencing court determined in October 2015 that it would not apply the prior service credit to both indictments. Defendant's decision not to withdraw his plea at the time of sentencing suggests that he sought to both obtain the benefit of the favorable plea agreement while repudiating the application of prior service credit to only the first indictment. Moreover, "[t]he subsequent accrual of additional jail credit that makes the risk of going to trial more palatable is not a valid reason for setting aside a guilty plea." State v. Williams, 458 N.J. Super. 274, 282 (App. Div. 2019).

The trial court properly imposed the mandatory periods of parole ineligibility and parole supervision at his final resentencing. His sentence did

12

not violate NERA. Rather, defendant was not awarded proper prior service credit. Although defendant claims that his expectations were not met, allowing him to withdraw his guilty plea—which would reinstate all his original charges—will not serve to remedy this situation. Indeed, as recognized by counsel, it could result in conviction of additional crimes and a longer prison sentence. See North Carolina v. Pearce, 395 U.S. 711, 719 (1969) ("Long-established constitutional doctrine makes clear that . . . the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction."), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989). Defendant's remedy, if any, is not in the Criminal Part. See ibid. (noting "there is no way the years he spent in prison can be returned to him").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0397-18T3